[Civ. No. 26160.   Second Dist., Div. Four.   Apr. 3, 1962.]

HARRY SMITH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SAM SMITH, Real Party in Interest.

Richard S. Miller for Petitioner.

No appearance for Respondent.

Gold, Sturman & Gold for Real Party in Interest.

THE COURT.—This is an application for a writ of prohibition directed to the Superior Court for the County of Los Angeles commanding said court to refrain from proceeding with a trial on the merits in an action therein commenced until such time as petitioner's appeal from the order denying enforcement of an arbitration agreement shall have been determined.

On April 18, 1956, Harry Smith and Sam Smith, brothers, entered into a written partnership agreement for the purpose of operating a newsstand. Paragraph 14 of the agreement provides: "Should a question of difference of opinion arise between the partners which appears incapable of determination between themselves, Louis A. Sackin, the attorney for the partners shall appoint an impartial, independent arbiter who shall render a decision which the parties hereto agree to abide by, and his decision shall be both final and conclusive on both the parties, . . ."

On March 20, 1961, Harry Smith, through his attorneys, caused a letter to be written to Sam Smith, in which it is stated: "Mr. Smith [Harry] feels, taking into consideration the recent deterioration in the relationship between you and himself and the reduced profit which the business is yielding due to high rent and increased operating expenses, that it will be in the best interest of the business and of both of you to dissolve the partnership effective March 31, 1961. After

said date, it is our understanding that unless some agreement has been reached pursuant to which you become the purchaser of Smith News Company he will, after said date, engage in the news stand business, if at all, on his own account."[1]

The record reveals no further action in the matter until May 26, 1961, when Sam Smith filed a complaint in the superior court for dissolution of the partnership, for an accounting and appointment of a receiver.

On July 3, 1961, Harry Smith filed his answer, admitting the execution of the agreement on April 18, 1956, but denying all other allegations. As a first affirmative defense and counterclaim, it is alleged that plaintiff had violated the provision of the contract which provides that "[e]ach of the partners is to give his undivided time and attention to the business, and is to use his utmost endeavors to promote the interests of the firm," all to defendant's damage in the sum of $10,000. As a second affirmative defense, defendant alleges his written notice of intention to dissolve the partnership, as of March 31, 1961, per letter of March 20, 1961. As a third affirmative defense, he quotes paragraph 14 of the agreement and alleges: "Plaintiff has not submitted to arbitration, the subject matter of the litigation involved herein."

The pretrial conference order of November 29, 1961, states: "The defendant seeks a reference of the case to an arbitrator under the provisions of paragraph 14 of the partnership agreement or in the alternative that the partnership be deemed dissolved as of March 31, 1961; and for an accounting and for damages for breach of a condition of the partnership agreement by way of counterclaim. . . . Leave is granted the defendant to make a motion in the proper department of this court for a determination of the question, whether the provisions of paragraph 14 of the partnership agreement of April 18, 1956, deprives this court of jurisdiction to proceed for an accounting and dissolution. . . ." The case was set for trial on January 26, 1962.

On January 8, 1962, Harry Smith (petitioner herein) filed a petition for order directing that arbitration proceed in

---

[1]Paragraph 17 of the partnership agreement provides: "That if either of the partners shall be desirous of determining the partnership at any time before the expiration of the term of 10 years, he shall be at liberty so to do, on giving 3 calendar months' previous notice in writing of such desire to the others, . . . The continuing partners shall have the privilege of taking the whole of the partnership business, at the rate at which the same shall be appraised and valued, on paying his or their shares of such valuation to the retiring partner."

accordance with the agreement, and a motion to stay action until arbitration has been had. After a hearing, the court, on January 18, made this order: "Motion denied. Lack of timeliness. 5 Cal.Jur.2d, Arbitration, Sec. 18." On January 22, 1962, petitioner filed his notice of appeal from the order and upon the same date filed a motion to stay action until determination upon appeal of his right to arbitration. The latter motion was denied on January 24, 1962. Whereupon the within petition for writ of prohibition was filed.

Code of Civil Procedure, section 1281.4, provides in relevant part: "If an application has been made to a court of competent jurisdiction, whether in this State or not, for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

"If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only."

The order denying the petition to compel arbitration is an appealable order (Code Civ. Proc., § 1294, subd. (a)), and until determination upon appeal "such application is undetermined" within the meaning of section 1281.4. (Code Civ. Proc., § 1049.) ▇▇▇ Thus, the question is whether the issues raised in the pending action are included in matters which the parties agreed to arbitrate. (5 Cal.Jur.2d, § 14, p. 89.) Section 1281.4 contemplates arbitration of "a controversy which is an issue involved in an action or proceeding pending before a court. . . ."

No return has been made on behalf of the respondent court. The real party in interest, Sam Smith, contends that, aside from the question of jurisdiction, "which as a fundamental proposition the Superior Court had jurisdiction to determine, all matters in issue relate to the dissolution of the partnership and distribution of its assets, and in determining distribution of assets, certain accounting procedures had to be followed and balances struck. In short, the only issues to be tried relate not to matters under the partnership contract, but after its termination. . . ." Reliance is placed upon *Fischer* v. *Superior*

*Court,* 105 Cal.App. 466 [287 P. 556], in which plaintiff had commenced an action seeking an accounting of the administration of a trust. The trustee sought a writ of prohibition to stay the action until arbitration was had. The trust agreement contained a provision (p. 468) that " 'in case any dispute arise between the trustees and any of the creditors or debtor as to the amount or validity of any debt or claim, or as to any other matter under or concerning this agreement, then every such dispute shall be referred to the arbitration of three persons.' " The court states, pages 469-470: "A fair construction of the language of the agreement would appear to limit the provision for arbitration to differences of opinion regarding the interpretation of the contract and the administration of the trust. Disputes as to the time when or terms on which the property should be sold and kindred controversies which involve the recognition and carrying out of the trust agreement are those which are to be determined by arbitration. . . .

"In the case at bar no issue is tendered involving the interpretation of the contract and no controversy has yet developed concerning what has been done under it. The only hint of disagreement in the record would involve conduct in repudiation and not a recognition of the contract, but plaintiffs in this case merely seek an account of the proceedings of the trustees. It is the opinion of the court that plaintiff has this right and that it arises from the familiar jurisdiction of courts of equity to compel an accounting of trust relations, and should not be stayed by the provision for submission to arbitration of disputes as to matters under or concerning the contract."

Because of the peculiar trusts and duties growing out of the partnership relationship, it would appear that the reasoning of the court in the *Fischer* case is applicable to this action for dissolution of the partnership and an accounting. The agreement herein fails to provide, as between the parties, any specific manner for the winding up of the business. Likewise, it contains no specific provisions entrusting to an arbitrator the matter of dissolution, or delineating the mechanics to be employed to effect a winding up of the business and a distribution of assets by him. Such matters involve something other than a mere "difference of opinion" between the partners.

Petitioner concedes "that from the time the partnership dissolution action was commenced, and prior thereto, the

partners had agreed that they wanted the partnership dissolved and that they wanted an accounting."

It is the policy of the law to encourage settlement of business disputes by arbitration, and agreements that provide for arbitration should be given liberal construction in furtherance of such policy (*Solari* v. *Oncto*, 166 Cal.App.2d 145, 153 [333 P.2d 218]) and so as to give effect to the intention of the parties (*Dugan* v. *Phillips*, 77 Cal.App. 268, 278 [246 P. 566]; *Straus* v. *North Hollywood Hospital, Inc.*, 150 Cal. App.2d 306, 310 [309 P.2d 541]).

On the other hand, as stated in *McCarroll* v. *Los Angeles County etc. Carpenters*, 49 Cal.2d 45, 67 [315 P.2d 322]: "The contract, however, must be read as a whole and the grievance and arbitration procedure viewed in the light of its purpose." And at page 69: "As Mr. Justice Cardozo pointed out in *Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N.Y. 284 [169 N.E. 386, 391, 393], 'Courts are not at liberty to shirk the process of construction under the empire of a belief that arbitration is beneficent, any more than they may shirk it if their belief happens to be the contrary. No one is under a duty to resort to these conventional tribunals, however helpful their processes, except to the extent he has signified his willingness. . . .' '[The contracting parties] . . . are not to be trapped by a strained and unnatural construction of words of doubtful import into an abandonment of legal remedies, unwilled and unforeseen.' "

The court declared in *J. H. Pomeroy & Co.* v. *Soulé Steel Co.*, 156 Cal.App.2d 691, 693 [320 P.2d 172]: "Whether a dispute is one of which the contract requires arbitration is one which must be determined by the court unless the agreement expressly provides that the determination of such a question is to be made by the arbitrators. It is so held in *McCarroll* v. *Los Angeles County etc. Carpenters*, 49 Cal.2d 45, 65-66 [315 P.2d 322]. We have been referred to no provision in the agreement providing that arbitrability shall be determined by the arbitrator rather than by the court. The clause 'In case of any dispute between the parties as to the interpretation of this agreement or the performance of the same, either party may demand that the dispute be submitted to arbitration,' is not sufficient to refer to the arbitrators *a matter which a reading of the agreement shows was not included in the agreement.*" (Emphasis added.)

The issues which are before the court in the pending suit do not present an arbitrable "difference of opinion"

with reference to any provision of the partnership agreement; thus the arbitration provision of the agreement is inoperative and need not be complied with before resort to the courts.

The peremptory writ is denied and the alternative writ is discharged.