[No. B126368. Second Dist., Div. Five. Nov. 15, 1999.]

BLAKE W. LARKIN, Plaintiff and Respondent, v.
WILLIAMS, WOOLLEY, COGSWELL, NAKAZAWA & RUSSELL et
al., Defendants and Appellants.

**COUNSEL**

Latham & Watkins, Robert A. Long and Tanya M. Acker for Defendants and Appellants.

Law Offices of Patricia Barlow, Patricia Barlow and Donald Johnson for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

Defendants, the law partnership of Williams, Woolley, Cogswell, Nakazawa & Russell, and individual partners, Reed M. Williams, David E. R. Woolley, Forrest R. Cogswell, Alan Nakazawa, and Thomas A. Russell, appeal from an order denying their petition to compel arbitration of a dispute with plaintiff, Blake W. Larkin. The trial court relied on the decision in

*Smith* v. *Superior Court* (1962) 202 Cal.App.2d 128, 131-134 [20 Cal.Rptr. 512]. We conclude *Smith* should be limited to its facts and that opinion has no application to the present case, which involves an agreement to arbitrate the disputes between the parties. We apply the California Arbitration Act (Code Civ. Proc., § 1280 et seq.) and reverse.[1]

## II. Background

Plaintiff filed a complaint for dissolution of the law partnership and an accounting. The complaint alleged one of the partners, Mr. Williams, had breached the partnership agreement by failing to " 'devote his best efforts and substantially all of his normal business time to serving professionally the [f]irm and its clients' " as required by the agreement; further, as a result of Mr. Williams's conduct, "it [was] not reasonably practicable to carry on the business in partnership with [him]." With respect to dissolution of the firm, the written partnership agreement provided, "The Firm may be dissolved only by the affirmative vote, made in writing, of a majority of all of the partners." Defendants petitioned to compel arbitration based on the following clause of the partnership agreement: "Arbitration. Any controversy or claim arising out of or relating to any provision of this Agreement or the breach thereof shall be settled by arbitration in accordance with the rules then in effect of the American Arbitration Association, and judgment upon any reward rendered may be entered in any Court having jurisdiction thereof." The trial court denied defendants' petition to compel arbitration, citing *Smith* v. *Superior Court, supra,* 202 Cal.App.2d at pages 131-134.

## III. Discussion

The issue presented is whether the language of the arbitration clause encompasses the dispute reflected in the complaint. The issue before us being solely of construction of unambiguous contractual terms (*Messenger* v. *Messenger* (1956) 46 Cal.2d 619, 626 [297 P.2d 988]; *Fox* v. *Fox* (1954) 42 Cal.2d 49, 52 [265 P.2d 881]), our review of the arbitration clause is de novo. (*Vianna* v. *Doctors' Management Co.* (1994) 27 Cal.App.4th 1186, 1189 [33 Cal.Rptr.2d 188].) It is well established that under California law there is a strong public policy in favor of arbitration. (*Engalla* v. *Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 971-972 [64 Cal.Rptr.2d 843, 938 P.2d 903]; *Board of Education* v. *Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 275 [52 Cal.Rptr.2d 115, 914

---

[1] We conclude that the dispute at issue must be arbitrated under the California Arbitration Act. It is therefore unnecessary to consider whether the United States Arbitration Act (9 U.S.C. § 1 et seq.) would also require the present dispute to be arbitrated.

P.2d 193]; *Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) The scope of arbitration is a matter of agreement between the parties. (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at p. 8; *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street* (1983) 35 Cal.3d 312, 323 [197 Cal.Rptr. 581, 673 P.2d 251].) A party can be compelled to arbitrate only those issues it has agreed to arbitrate. (*Hayes Children Leasing Co.* v. *NCR Corp.* (1995) 37 Cal.App.4th 775, 787 [43 Cal.Rptr.2d 650]; *Luster* v. *Collins* (1993) 15 Cal.App.4th 1338, 1346 [19 Cal.Rptr.2d 215].) However, doubts as to the scope of an agreement to arbitrate are to be resolved in favor of arbitration. (*Hayes Children Leasing Co.* v. *NCR Corp., supra,* 37 Cal.App.4th at p. 788; *Vianna* v. *Doctors' Management Co., supra,* 27 Cal.App.4th at p. 1189; *United Transportation Union* v. *Southern Cal. Rapid Transit Dist.* (1992) 7 Cal.App.4th 804, 808 [9 Cal.Rptr.2d 702].) As the Supreme Court has held, "[C]ourts will ' "indulge every intendment to give effect to such proceedings." ' (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 189 . . . .)" (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at p. 9.)

 The arbitration clause at issue is very broad. It extends to "[a]ny controversy or claim arising out of or relating to any provision of this [partnership] [a]greement or the breach thereof . . . ." Plaintiff's complaint for dissolution and an accounting clearly arises out of and relates to the partnership agreement. It alleges a breach of the partnership agreement, making dissolution necessary. It concerns the provision of the partnership agreement requiring the partners' best efforts and a breach thereof. The controversy as alleged would not have arisen at all but for the partnership agreement.

Plaintiff cites *Smith* v. *Superior Court, supra,* 202 Cal.App.2d at pages 131-134, for the proposition that "[w]here a member of a partnership files an action for dissolution of a partnership and an accounting, even though the partnership agreement between the partners has an arbitration provision, the California courts have held that the arbitration provision is inoperative and the action should be resolved by the court." We disagree with the assertion *Smith* stands for such a broad proposition. *Smith* involved a written partnership agreement for the purpose of operating a newsstand. (*Id.* at p. 129.) The agreement provided for arbitration " '[s]hould a question of difference of opinion arise between the partners which appears incapable of determination between themselves . . . .' " (*Ibid.*) One of two partners filed a complaint to dissolve the partnership, for an accounting, and for the appointment of a receiver. (*Id.* at p. 130.) The trial court denied a petition to compel arbitration. The Court of Appeal for this appellate district agreed. It held dissolution of the partnership involved something other than a "difference of

opinion" between the partners. (*Id.* at p. 132.) The Court of Appeal acknowledged the law favored arbitration of business disputes, but concluded it could not construe the clause to encompass the dissolution action. (*Id.* at pp. 133-134.) The court's decision turned on the language of the arbitration provision. *Smith* did not hold an arbitration clause is never operative in the face of a claim for dissolution of a partnership.

Moreover, the arbitration agreement at issue in *Smith* is distinguishable from the present clause. There the agreement was to arbitrate " 'a question of difference of opinion.' " (*Smith* v. *Superior Court, supra,* 202 Cal.App.2d at p. 129.) Here, the arbitration clause is much more broad. It extends to "[a]ny controversy or claim arising out of or relating to any provision of this Agreement or the breach thereof . . . ." Therefore, *Smith,* which we limit to its facts, is not controlling. (Cf. *Pacific Inv. Co.* v. *Townsend* (1976) 58 Cal.App.3d 1, 11 [129 Cal.Rptr. 489].)

An additional argument raised by plaintiff warrants brief comment. Plaintiff argues that an arbitrator would not have jurisdiction to appoint a receiver to administer the partnership. (*Marsch* v. *Williams* (1994) 23 Cal.App.4th 238, 245-246 [28 Cal.Rptr.2d 402].) This issue is premature. The question at issue is whether the arbitration agreement is enforceable. Whether an arbitrator may in the future potentially act beyond her or his powers can be addressed if such ever occurs. It is not a ground to deny defendants the statutorily guaranteed right to litigate the matter in the arbitral forum.

## IV. DISPOSITION

The order denying the petition to compel arbitration is reversed. Defendants, Williams, Woolley, Cogswell, Nakazawa & Russell, David E. R. Woolley, Forrest R. Cogswell, Alan Nakazawa, and Thomas A. Russell, are to recover their costs on appeal from plaintiff, Blake W. Larkin.

Armstrong, J., and Godoy Perez, J., concurred.