PLEUS, J.
Robert A. Baker appeals a final judgment in which it was determined that Harry Simpson, Jr., had a valid lien on the excavator which Baker left on Simpson’s property. The trial judge ordered the 45,-000 pound Case 9030 excavator sold to the highest bidder if Baker did not pay the hen amount within three days. The excavator in question was leased to a man hired by Simpson to dig a pond on Simpson’s property. While on the property, the excavator caught fire and became disabled. After efforts by Simpson to have Baker remove the excavator failed, Simpson notified Baker that he would begin charging a storage fee of $30 per day beginning the following week. Baker did remove the engine and other parts which were apparently salvageable, but left the burned-out skeleton behind. After 13 months of unsuccessful attempts to get Baker to remove the excavator, Simpson filed suit for trespass and nuisance, alleging that the disabled and blackened heavy equipment was visible from the living and eating areas of his house. What was to have been a scenic pond in the backyard of Simpson’s property was turned into a muddy graveyard for the Case 9030.
There are some allegations in the record from below, scant as it is, that Baker attempted to remove the excavator but *638 was prevented from doing so by Simpson. Baker alleged that Simpson had barred him from coming onto the property to repair the excavator until Baker paid the fees demanded for storage.
The initial trial judge rendered an order requiring Baker to remove the excavator from Simpson’s property at his sole expense and repair any damage the removal caused. Baker was to coordinate dates and times with Simpson and Simpson was to provide access to the premises to facilitate the removal. If Baker did not remove the excavator 'within 30 days, the order gave Simpson an $8,000 lien on the machinery. Baker’s counter-claim was dismissed with prejudice, and the parties were ordered to bear their own attorney’s fees and costs.
On November 22,1999, prior to the expiration of the 30 days, Baker moved the trial court to extend the 30 days given for removing the excavator and asked for an order compelling Simpson to allow him sufficient access to the property to remove the machinery. The motion alleged extensive difficulties that Baker had incurred in either trying to fix the machine on site or work out a time with Simpson for its removal by an outside crane crew. Simpson allegedly told the crane crew that if they dropped any oil on the land, he would sue the crane company. Simpson responded to Baker’s motion by filing a motion for final judgment setting forth the acts he had undertaken to allow access to the property. Simpson asked the court to enter a final judgment of foreclosure based upon Baker’s failure to remove the equipment within the allotted 30 days.
Both Baker’s motion and Simpson’s motion were called up for hearing on January 5, 2000 before a new judge. The hearing was not transcribed. The parties filed a stipulated statement in lieu of a transcript. The stipulation states that at the hearing the attorneys could not agree on the facts of the case but argued their motions.
. Neither party expressly waived his right to present testimony. The court did not offer the parties the opportunity to present evidence and neither party actually presented any evidence. Neither party made a proffer of testimony nor sought a continuance to offer testimony. After hearing various arguments from the attorneys for the parties, the new trial judge found that Simpson had a good and valid lien for $8,000 and gave Baker three days to pay the lien or the clerk would sell the excavator to the highest bidder. Baker promptly moved for a rehearing and/or to amend the final judgment. He argued to the trial judge in his motion that he was entitled to an evidentiary hearing in his attempt to prove the allegations in his motion for an extension of time. He also pointed out that he had witnesses present to testify at the prior hearing and that the $8,000 amount was the estimated cost of removing the equipment. In other words, he wrote:
[T]he idea was that if the defendant willfully refused to remove the equipment, then the equipment would be sold to generate funds to remove it from the plaintiffs property. The funds were not intended to go to the plaintiff as damages or as a windfall.
The court denied the motion for rehearing. Simpson bought the Case 9030 at the foreclosure sale for $100.-
Simpson had a duty to cooperate and provide Baker reasonable access to his property so that Baker could remove the equipment. If the facts alleged in Baker’s motion to extend time and proffered in his motion for rehearing were found to be true by the trial court, then Baker would surely have been entitled, on the basis of equity and fairness, to an extension of time in which to comply with the trial court’s final order to remove the equipment. Baker’s motion to extend the time raised material and factual issues as to whether Simpson had complied with the court’s final order requiring him to provide access to facilitate the removal.
*639 When the court denied Baker’s motion, the court violated Baker’s due process rights to present evidence supporting his motion. See Brown v. Mirror Inv. Corp., 471 So.2d 589 (Fla. 4th DCA 1985). See also Olson v. Olson, 704 So.2d 208 (Fla. 5th DCA 1998).
The trial court abused its discretion in denying Baker’s motion for rehearing. We remand this case to the trial court for an evidentiary hearing on the issues raised by Baker in his motion for rehearing.
REVERSED and REMANDED.
PETERSON, J., concurs.
SAWAYA, J., dissents, without opinion.