813 So.2d 1053 (2002)
INFORMATION TECHNOLOGY & ENGINEERING CORP., Appellant,
v.
Bart RENO, Dan Rhodes and Spanos Technologies, Inc., Appellees.
No. 4D01-3067.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
Charles T. Whitelock and Christopher J. Whitelock of Whitelock & Associates, P.A., Fort Lauderdale, for appellant.
Merrick L. Gross, Nancy A. Copperthwaite and David E. Lancz of Akerman Senterfitt & Eidson, P.A., Miami, for appellees.
WARNER, J.
Appellant, Information Technology & Engineering Corp. ("ITE"), challenges a non-final order compelling arbitration of five of the six counts in its complaint against appellees for violating an employment agreement, misappropriating trade secrets, civil theft, and tortious interference with ITE's business relationships *1054 with its customers. Reno and Rhodes cross-appeal the court's retention of jurisdiction over the remaining count requesting an injunction. Because the five arbitrated counts all "arise out of or relate to" the employment agreement, the court correctly ordered them to be sent to arbitration. The trial court also was correct in retaining jurisdiction over the remaining count because the employment agreement permits ITE to seek an injunction from "an appropriate court." We therefore affirm.
ITE hired Reno and Rhodes in California in 1999, and they both signed employment agreements providing the following:

SECTION 3.03. Employee acknowledges and recognizes that any breach or threatened breach of these confidentiality and non-competition shall cause Employer irreparable harm which cannot be readily remedied in damages in an action at law and the damages to Employer would be very difficult to determine. Therefore, in addition to any other rights or remedies available to Employer, by law, in equity, or by statute, Employee hereby consents to the specific performance of any of these provisions pertaining to non-competition or confidential and trade secret information by Employer through any injunction or restraining order issued by any appropriate court or arbitrator.
. . . .

SECTION 11.00. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be resolved by arbitration. Such arbitration shall be conducted in accordance with the laws, rules, procedures and regulations of the American Arbitration Association. The Arbitrator shall not be authorized to award either party extra contractual damages (i.e. compensatory or punitive damages). In the event of a breach of this Agreement by Employer, Employee's damages shall be limited to an award of lost wages and benefits, as may be determined by the Arbitrator.
The contract also contained a non-compete clause and a prohibition against divulging or using confidential information or trade secrets. Finally, according to an express provision, interpretation of the contract was governed by California law.
While working for ITE in California, Reno and Rhodes were trained and instructed on how to complete tasks involved in ITE's business. ITE also provided Reno and Rhodes with access to its confidential information and trade secrets.
To extend its business in Florida, ITE transferred Reno and Rhodes to Broward County. While still working in ITE's Broward office, Reno, Rhodes, and Rhodes's wife (Melanie Spanos), formed Spanos Technologies, Inc. ("STI"). In building STI's business, Reno and Rhodes allegedly used ITE's Broward office, resources, and trade secrets and stole ITE clients.
Upon discovering what Reno and Rhodes were allegedly doing, ITE terminated their employment and filed a six-count complaint. Count I sought temporary and permanent injunctive relief against Reno and Rhodes for violating the employment agreement's non-compete provision and compensatory damages. Counts II and III sought relief based upon misappropriating ITE trade secrets in violation of chapter 812, Florida Statutes, and chapter 688, Florida Statutes (the Florida Uniform Trade Secrets Act). Count IV sought damages against Reno and Rhodes for their civil theft of ITE's trade secrets. Count V sought damages against Reno, Rhodes, and STI for tortiously interfering with ITE's business relationships with its customers. This count alleged that "RENO and RHODES, not acting on ITE's behalf, committed these illicit acts to *1055 the direct detriment of ITE while working for ITE, although they both had a simultaneous business relationship with STI." Finally, Count VI sought damages against Reno and Rhodes for breaching their fiduciary duty to ITE.
Reno and Rhodes moved to compel arbitration and stay the court proceedings. They claimed that the allegations in the complaint "arise out of or relate to" alleged breaches of the employment agreements and must therefore be submitted to arbitration pursuant to section 11.00 of each respective contract. At the ensuing hearing, counsel for ITE characterized only the first count as arising under the contract. The other counts, he claimed, dealt with tortious conduct outside of the contract.
The court decided to retain jurisdiction over the injunction request in count I. However, it ordered that the remaining counts be submitted to arbitration.
Because the contract requires us to apply California law, we look to our sister state for guidance. See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306, 311 (Fla.2000) ("Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy."). California, like Florida, favors arbitration, and "doubts as to the scope of an agreement to arbitrate are to be resolved in favor of arbitration." Larkin v. Williams, Woolley, Cogswell, Nakazawa & Russell, 76 Cal.App.4th 227, 90 Cal.Rptr.2d 195, 197 (1999). The California courts broadly construe the phrase "arising out of or relating to" an agreement. "The phrase `any controversy ... arising out of or relating to this contract...' is certainly broad enough to embrace tort as well as contractual liabilities so long as they have their roots in the relationship between the parties which was created by the contract." Berman v. Dean Witter & Co., 44 Cal.App.3d 999, 119 Cal. Rptr. 130, 133 (1975) (emphasis added); see also Merrick v. Writers Guild of Am., W., Inc., 130 Cal.App.3d 212, 181 Cal.Rptr. 530, 534 (1982) ("[a] complaint sounding in tort will not in itself prevent arbitration if the underlying agreement embraces the disputed matter.").
In Bos Material Handling, Inc. v. Crown Controls Corp., 137 Cal.App.3d 99, 186 Cal.Rptr. 740, 742 (1982), a dealer sued a manufacturer for its wrongful refusal to renew their annual dealer agreement. The six-count complaint alleged breach of good faith, interference with economic relations, fraud, unfair competition, wrongful restraint on trade under a California act, and tortious interference. The court held that all of these counts were arbitrable under an arbitration clause identical to the one at issue in this case. See id. at 742-43. Similarly, while ITE's complaint sounds in tort and for violation of various Florida statutes, the wrongful acts alleged all relate to specific provisions of the agreement, including the improper use of trade secrets and the agreement not to compete in a similar business. The trial court did not err in ordering arbitration of those claims.
With respect to the count requesting an injunction, the agreement provided that "Employee hereby consents to the specific performance of any of these provisions pertaining to non-competition or confidential and trade secret information by Employer through any injunction or restraining order issued by any appropriate court or arbitrator." (Emphasis added). The clause thus permits ITE to choose between requesting an injunction from a court or an arbitrator. Since, in count I, ITE sought an injunction from the court to restrain Reno and Rhodes from violating the non-compete clause, the court did not *1056 err in retaining jurisdiction of that request.
Affirmed.
KLEIN and MAY, JJ., concur.