824 So.2d 286 (2002)
I.C. SYSTEMS, INC., and Adams, Cooper and Marks, Inc., f/k/a ACM Acquisition, Inc., Appellants,
v.
Mark OLIFF, Appellee.
No. 4D02-1135.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
Lawrence S. Gordon, Sean N. Wells, and Wendell T. Locke of Feldman, Gale & Weber, P.A., Miami, for appellants.
Arthur T. Schofield of Arthur T. Schofield, P.A., West Palm Beach, for appellee.
OWEN, WILLIAM C., JR., Senior Judge.
Appellants appeal an order denying their verified motion for temporary injunction. Because the grounds upon which the court denied the motion, both procedural and substantive, do not accord with applicable principles of law and equity, we reverse.
Appellants filed a verified four-count complaint against appellee, a former employee, seeking both injunctive relief and damages. They also filed a verified motion for temporary injunction seeking to prohibit appellee, who had gone to work for appellants' competitor, from using customer lists and trade secrets which he had misappropriated from appellants, in violation of contractual and statutory obligations, in direct solicitation of appellants' existing customers. By agreement, appellee's counsel accepted service. Appellants' counsel hand delivered copies of the complaint and motion to the court with a cover letter requesting the court to schedule an emergency hearing on the motion. A proposed order, setting a hearing but with the date and time left blank for the court to insert, was also submitted. The trial court, instead of scheduling a hearing with notice as requested by appellants' counsel, summarily denied sua sponte both the request *287 for an emergency hearing[1]and the motion for temporary injunction.
The procedural ground upon which the court denied the motion for temporary injunction was that appellants had not complied with the requirements of Fla. R. Civ. P. 1.610 for a temporary injunction without notice. Appellants did not seek a temporary injunction without notice. The cover letter clearly and unequivocally requested that the court "schedule a hearing as soon as possible on the motion for temporary injunction," and indicated that a proposed order, crafted specifically for that purpose, was enclosed. Simply stated, the trial court erroneously perceived appellants' request for an emergency hearing with notice to be an ex parte application for a temporary injunction without notice.[2]
The substantive ground upon which the court denied the motion for temporary injunction was that appellants had an adequate remedy at law, i.e., they could pursue a claim for money damages against the appellee. The court reasoned that appellants' claim for tortious interference (Count II) and their claim under Florida's Trade Secrets Act (count III) could, if successful, result in monetary damages. Those claims, however, are for discreet causes of action. That appellants have joined them with their claim for injunctive relief is not a bar to appellants seeking injunctive relief for injury which is irreparable.[3] The violation of an enforceable restrictive covenant not only creates a presumption of irreparable injury,[4] if it involves misappropriation of trade secrets the legislature has expressly authorized the complainant to seek both injunctive relief and damages.[5]See also Information Tech. and Eng'g Corp. v. Reno, 813 So.2d 1053 (Fla. 4th DCA 2002)(alleged breach of employment contract, providing for both injunctive relief and arbitration, allowed court to retain jurisdiction over count requesting injunction while compelling arbitration on other counts involving tort claims).
Weinstein v. Aisenberg, 758 So.2d 705 (Fla. 4th DCA 2000), and Digaeteno v. Perotti, 374 So.2d 1015 (Fla. 3d DCA 1979), relied upon by the trial court on this issue, are not at all applicable. In both of those cases, the plaintiffs sought injunctive relief to prevent dissipation of a specific asset so that, upon entry of a yet-to-beobtained money judgment, the asset would be available to satisfy, either in whole or in part, the judgment. The plaintiffs claimed inadequacy of remedy at law, not because their respective damages could not be fully quantified and included in a judgment, but because the judgment when obtained might not be collectible if the asset was not preserved. In the instant case, there is no specific amount that can be ascertained because the case involves the use of appellants' trade secrets and customer lists, and the direct solicitation of appellants' existing customers. Here, injunctive relief is sought not to guarantee the existence of a fund from which to satisfy a money judgment once it is obtained, but rather to diminish the effect of the ongoing violations, to stop the bleeding so to speak, and thereby diminish the damages which are incapable of reasonable ascertainment and which are, by definition, irreparable.
*288 Based on the verified complaint and the verified motion, appellants have shown a substantial likelihood of success, a clear legal right in the subject matter of the suit and the likelihood of immediate and irreparable harm. See Airport Executive Towers v. CIG Realty, 716 So.2d 311, 313 (Fla. 3d DCA 1998). While the lapse of time may tend to make injunctive relief less effective now than when initially sought, appellants were and are entitled to a hearing on their motion. See, e.g., Baker v. Simpson, 773 So.2d 637 (Fla. 5th DCA 2000).
The order is reversed and this cause remanded for further proceedings.
REVERSED.
POLEN, C.J., and HAZOURI, J., concur.
NOTES
[1] The denial of the emergency hearing is not an issue.
[2] The trial court's order described appellants' request as an ex parte application for injunctive relief.
[3] See Fla. R. Civ. P. Rule 1.110(g).
[4] § 542.335(1)(j), Fla. Stat. (2001).
[5] §§ 688.003 and 688.004, Fla. Stat. (2001).