Filed 9/16/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SERGIO PEREZ, et al., | B262029 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. JCCP4735) |
| v. | |
| U-HAUL CO. OF CALIFORNIA, | |
| Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Jane L. Johnson, Judge.  Affirmed.

        Gregg A. Farley and Law Offices of Gregg A. Farley; Sahag Majarian and Law Offices of Sahag Majarian, for Plaintiff and Respondent Sergio Lennin Perez.

        Larry W. Lee, Nicolas Rosenthal and Diversity Law Group; Sherry Jung and Law Offices of Sherry Jung, for Plaintiff and Respondent Erick Veliz.

        Alston & Bird, James R. Evans, Jr. and Ryan T. McCoy, for Defendant and Appellant.

_____

Plaintiffs Sergio Perez and Erick Veliz Ramos filed a representative action under the Private Attorneys General Act of 2004 (PAGA) (Lab. Code, §§ 2698 *et seq.*), alleging that U-Haul Company of California (U-Haul) violated several provisions of the Labor Code, including overtime and meal break requirements. U-Haul filed a motion to compel plaintiffs to individually arbitrate whether they qualified as "aggrieved employee[s]," and therefore had standing to pursue a PAGA claim. (See Labor Code, § 2699, subd. (a).) U-Haul asserted that all other issues regarding the PAGA claim should be stayed pending resolution of the arbitration. The trial court denied the motion, concluding that California law prohibits an employer from compelling an employee to split the litigation of a PAGA claim between multiple forums. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Events Preceding the Motion to Compel Arbitration*

In 2010 and 2011, U-Haul hired plaintiffs Erick Veliz and Sergio Perez (collectively plaintiffs) to serve as customer service representatives. As a condition of their employment, plaintiffs signed a mandatory arbitration agreement that contained the following language: "I agree that it is my obligation to . . . submit to final and binding arbitration any and all claims and disputes . . . that are related in any way to my employment . . . . [B]y agreeing to use arbitration to resolve my dispute, both U-Haul and I agree to . . . forego any right to bring claims as a representative or as a member of a class or in a private attorney general capacity. . . ." A separate provision stated that the agreement was "governed by the Federal Arbitration Act [FAA], 9 U.S.C. *et seq.*"

In 2012, plaintiffs each filed a class action complaint against U-Haul for various Labor Code violations including (among other things) unpaid overtime (Labor Code, §§ 510, 1194 and 1198[1]), failure to provide meal breaks (§226.7), failure to pay minimum wages (§§ 1194, 1194.2, 1197, 1197.1), failure to pay wages in a timely manner (§ 204) and failure to provide accurate wage statements (§ 226, subd. (a).)

---

[1]     Unless otherwise noted, all further statutory citations are to the Labor Code.

Veliz's complaint additionally alleged a representative PAGA action seeking to collect penalties "on behalf of all other . . . [a]ggrieved [e]mployees."

The trial court granted a petition to coordinate the actions, and stayed the matter pending the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*). After *Iskanian* was decided, the plaintiffs each filed an amended complaint that alleged a single cause of action under PAGA seeking to collect penalties on behalf of themselves and other "aggrieved employees" for various Labor Code violations.

### B. U-Haul's Motion to Compel Plaintiffs to Arbitrate Whether they Are "Aggrieved Employees" Within the Meaning of PAGA

On September 22, 2014, U-Haul filed motions seeking to compel plaintiffs to individually arbitrate the "predicate issue of whether" they had personally been subjected to any Labor Code violation, and therefore had standing to assert a PAGA claim. As stated in U-Haul's motions: "Standing under PAGA requires that the plaintiff be an 'aggrieved employee' in order to bring a claim for statutory penalties on behalf of himself and other employees. [Citation] The Labor Code defines 'aggrieved employee' as 'any person who was employed by the alleged violator and against whom one or more of the allege violations was committed.' [Citation] [¶] Whether plaintiff is an 'aggrieved employee' will require a determination of whether U-Haul committed Labor Code violations against him, specifically, whether U-Haul was allegedly in violation of California Labor Codes." U-Haul further asserted that the "representative portion" of the PAGA claims, which included "the number, scope and identities of other 'aggrieved employees' . . . . and the amount of representative penalties," were "non-arbitrable" under the employment agreement, and should be stayed pending the outcome of the arbitration.

Plaintiffs opposed the motion, arguing that the California Supreme Court's decision in *Iskanian* made clear that "claims brought pursuant to PAGA are not arbitrable in any manner whatsoever, as it is against public policy." Plaintiffs further contended that if every employee could be compelled to arbitrate "whether [he or she had] suffered

3

the underlying Labor Code violations to establish that [he or she is an] aggrieved employee," *Iskanian* would be rendered "meaningless as . . . then this argument could be applied to . . . require every [employee] to first arbitrate whether they are a true 'aggrieved employee.'"

In reply, U-Haul argued that *Iskanian* did "not hold that part of a PAGA claim cannot be arbitrated or that the predicate issue of whether U-Haul committed Labor Code violations against [plaintiff] cannot be arbitrated. Instead, *Iskanian* requires [only] that 'aggrieved employees' be allowed to bring representative PAGA actions." U-haul further contended that the employment agreement was governed by the FAA, which explicitly "authorizes the severance of arbitrable issues from non-arbitrable issues." U-Haul argued that several federal decisions applying the FAA had held that when a single claim raises "'both arbitrable issues and nonarbitrable issues,'" the court must "sever[] the arbitrable issues." According to U-Haul, because plaintiffs' status as "aggrieved employee[s]" was an "arbitrable issue" under the employment agreement, the FAA required that the issue to be severed from the remaining "representative" issues of the PAGA claim. After a hearing, the court entered an order concluding there was no legal basis to compel arbitration "of the predicate issue of whether U-Haul committed Labor Code violations against Plaintiffs." The court explained that *Iskanian* had "spoken on this issue and determined that the FAA does not apply to PAGA . . . [¶] Contrary to defendant's arguments . . ., the *Iskanian* Court was unequivocal in finding that a PAGA claim is not subject to the [FAA]. That is the dispute is, in fact, between the State and the employer. Thus, the federal cases [regarding severance] cited by Defendant, which all rely on the FAA, are distinguishable." The trial court further explained that other California decisions had held that PAGA claims can only be brought in a representative capacity, and "not [as] an individual [claim]. . . . As such, there is no basis for individuals to arbitrate whether they are individual 'aggrieved employees' before proceeding to [a trial on the remainder of the PAGA claim]. [B]ecause the [plaintiffs'] PAGA claim is (1) outside the FAA, and (2) not an individual claim, there is no basis to compel arbitration

4

to first determine whether the representative plaintiffs are 'aggrieved employees' under PAGA."

## DISCUSSION

### A. *Standard of Review and Summary of the Issue on Appeal*

An order denying a petition to compel arbitration is appealable. (Code Civ. Proc., § 1294, subd. (a).) "In general, '[t]here is no uniform standard of review for evaluating an order denying a [petition] to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed. [Citations.]' [Citation.]" (*Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1406.)

The parties do not dispute that: (1) the parties entered into a valid, enforceable arbitration agreement that is governed by the FAA; (2) the agreement's provision precluding employees from asserting a representative PAGA claim is unenforceable as a matter of California law (see *Iskanian, supra*, 59 Cal.4th at p. 384); and (3) the parties did not contemplate arbitrating a representative PAGA action, meaning that the representative claim must proceed in court. They disagree, however, whether the agreement nonetheless requires plaintiffs to individually arbitrate whether they qualify as "aggrieved employee[s]," and therefore have standing to bring a representative PAGA action on behalf of "other current or former employees." (See § 2699, subd. (a).)[2] For the purposes of PAGA, an "aggrieved employee" is defined to "mean[] any person who was employed by the alleged violator and against whom one or more of the alleged [Labor Code] violations was committed." (§ 2699, subd. (c).)

---

[2] Section 2699, subdivision (a) states, in relevant part: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . , for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

Plaintiffs contend the analysis and reasoning in *Iskanian* makes clear that employers are not permitted to compel employees to arbitrate any aspect of a PAGA claim, including the question whether they qualify as aggrieved employees. U-Haul disagrees, arguing that *Iskanian* merely held that PAGA waivers in arbitration agreements are unenforceable as a matter of state law, and that the FAA does not preempt this rule. U-Haul further contends that, in this case, it is not seeking to preclude plaintiffs from pursuing a representative PAGA claim, but rather is seeking only to arbitrate the plaintiffs' individual standing to bring a PAGA claim. If the arbitrator determines the plaintiffs are aggrieved employees within the meaning of PAGA, they may then proceed with their representative action in the superior court.

### B. Summary of Iskanian v. CLS Transportation

The issues in this appeal turn largely on the Supreme Court's recent holding in *Iskanian*, *supra*, 59 Cal.4th 348. The plaintiff in *Iskanian* filed a class action against his employer for unpaid overtime and various other Labor Code violations. The complaint also alleged a representative claim under the PAGA seeking penalties on behalf of all aggrieved employees. The employer moved to compel individual arbitration of each claim, contending that plaintiff had signed an employment agreement that contained a waiver of his right to pursue class or representative claims.

While the motion was pending, the California Supreme Court issued *Gentry v. Superior Court* (2007) 42 Cal.4th 443, which held that "class action waivers in employment arbitration agreements are invalid under certain circumstances." (*Iskanian*, *supra*, 59 Cal.4th at p. 361.) The employer subsequently withdrew its motion to compel arbitration, and the parties proceeded to litigate the case. After the plaintiff had obtained a class certification order, the United States Supreme Court issued *AT & T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 (*Concepcion* ), which invalidated a prior California Supreme Court decision that "restricted consumer class action waivers in arbitration agreements." (*Iskanian*, *supra*, 59 Cal.4th at p. 361 [discussing *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148].) The employer then renewed its motion to

compel individual arbitration, arguing that *Concepcion* had invalidated *Gentry's* state law rule precluding the enforcement of class action waivers. The trial court granted the motion, ordered the case into individual arbitration and dismissed the class and representative claims. The Court of Appeal affirmed.

The California Supreme Court agreed that the principles set forth in *Concepcion* made clear that the FAA preempted *Gentry's* state law rule precluding the enforcement of class arbitration waivers in employment agreements. (*Iskanian*, *supra*, 59 Cal.4th at p. 362.) The Court explained that *Concepcion* had two central holdings: (1) the FAA preempts state rules that are incompatible with the fundamental attributes of arbitration; and (2) classwide arbitration interferes with numerous attributes of arbitration, including its expediency and informality. The Court concluded that in light of these holdings, the "*Gentry* rule" was no longer valid. (*Iskanian*, *supra*, 59 Cal.4th at p. 366.)

The Court next considered whether state law prohibited the enforcement of representative PAGA claim waivers in employment agreements, and, if so, whether the FAA preempted application of such a prohibition. (*Iskanian, supra*, 59 Cal.4th at pp. 361.) The court began its analysis by summarizing the purpose and structure of PAGA: "The Legislature declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.' [Citation.]" (*Id.* at p. 379.) To achieve those goals, PAGA authorizes "an 'aggrieved employee' [to] bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. [Citation.] Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the "aggrieved employees." [Citations.] [¶] Before bringing a civil action for statutory penalties, an employee must . . . give written notice of the alleged Labor Code violation

7

to both the employer and the Labor and Workforce Development Agency. . . . If the agency does not intend to investigate . . . , the employee may commence a civil action. [Citation.]' [Citation.]" (*Id.* at p. 380.)

The Court explained that the purpose and structure of the PAGA statute demonstrated that "'[a]n employee plaintiff suing . . . under the [statute] does so as the proxy or agent of the state's labor law enforcement agencies . . . . In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency. [Citations.] . . . . [¶] . . . . [Thus, a]n action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties' [Citation.] . . . .[¶] . . . [¶] . . . . The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit." (*Iskanian, supra*, 59 Cal.4th at pp. 380-382)

The Court concluded that in light of these "legal characteristics" (*Iskanian, supra*, 59 Cal.4th at p. 380), "an employee's right to bring a PAGA action is unwaivable." Hence, an employer cannot compel an employee to waive his right to bring a representative PAGA claim through an agreement. The Court reasoned that because "the Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the Labor and Workforce Development Agency by empowering employees to enforce the Labor Code as representatives of the Agency," a PAGA waiver "serve[d] to disable one of the primary mechanisms for enforcing the Labor Code. . . . [¶]. . . . The PAGA was clearly established for a public reason, and agreements requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." (*Id.* at p. 383.)

The Court further explained that the representative waiver at issue was against public policy even though the plaintiff retained his right to arbitrate a single-claimant PAGA claim on behalf of himself and the state: "[A] prohibition of representative claims frustrates the PAGA's objectives . . . [because] a single-claimant arbitration . . .

8

for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code. That plaintiff and other employees might be able to bring individual claims for Labor Code violations in separate arbitrations does not serve the purpose of the PAGA, even if an individual claim has collateral estoppel effects. [Citation.] Other employees would still have to assert their claims in individual proceedings.' [Citation.]" (*Iskanian, supra*, 59 Cal.4th at pp. 383-384.)

Finally, the Court considered whether the FAA preempted this rule of California law, concluding that it did not: "*Concepcion* made clear [that] a state law rule may be preempted when it 'stands as an obstacle to the accomplishment of the FAA's objectives.' [Citation.] . . . [T]he rule against PAGA waivers does not frustrate the FAA's objectives because . . . the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency. [¶] . . . [¶] Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the state, which alleges directly or through its agents—either the Labor and Workforce Development Agency or aggrieved employees—that the employer has violated the Labor Code. . . ." (*Id*. at pp. 384-387.)

### C. The Trial Court Correctly Concluded Plaintiffs Are Not Required to Individually Arbitrate Whether they Qualify as "Aggrieved Employees"

Like the arbitration agreement at issue in *Iskanian*, U-Haul's employment agreement contains language stating that: (1) the employee must arbitrate "any and all claims and disputes . . . that are in any way related to [his or her] employment"; and (2) both parties "shall forego any right to bring claims as a representative or as a member of a class or in a private attorney general capacity." U-Haul concedes that under *Iskanian*, the PAGA waiver is not enforceable, and that plaintiffs are therefore permitted to proceed with their PAGA action in court.

9

U-Haul contends, however, that the plaintiffs may nonetheless be compelled to individually arbitrate the "predicate issue of whether" they are "aggrieved employee[s] within the meaning of PAGA, and thus have standing to bring . . . representative claim[s]." According to U-Haul, if the arbitrator determines it did "commit[] Labor Code violations against [plaintiffs]" (thereby establishing standing), plaintiffs may then pursue their "representative PAGA claim [in court], e.g., . . . the number, scope and identities of other 'aggrieved employees' that [plaintiffs] will represent, and the amount of representative penalties." Stated more simply, U-Haul argues that although "neither [party] agreed to arbitrate representative issues, and neither may be compelled to participate in a representative arbitration," plaintiffs may be compelled to individually arbitrate whether they have standing to bring such a representative claim.

### 1. Whether plaintiffs have standing to pursue a PAGA claim is not an issue that falls within the scope of the arbitration agreement

Preliminarily, we address whether the particular issue U-Haul seeks to arbitrate—plaintiffs' status as "aggrieved employees" with standing to bring a PAGA claim—actually falls within the scope of the parties' employment agreement. "The scope of arbitration is a matter of agreement between the parties. [Citations.] A party can be compelled to arbitrate only those issues it has agreed to arbitrate. [Citations.]" (*Larkin v. Williams, Woolley, Cogswell, Nakazawa & Russell* (1999) 76 Cal.App.4th 227, 230 (*Larkin*); see also *Hayes Children Leasing Co. v. NCR Corp.* (1995) 37 Cal.App.4th 775, 787 (*Hayes*) ["[plaintiff], of course, can be compelled to arbitrate only such issues as it in fact agreed to arbitrate"].) "Any ambiguity in the scope of the arbitration, however, will be resolved in favor of arbitration." (*Hayes, supra,* 37 Cal.App.4th at p. 788; see also *Larkin, supra,* 76 Cal.App.4th at p. 230 ["doubts as to the scope of an agreement to arbitrate are to be resolved in favor of arbitration"].)

In support of its assertion that plaintiffs agreed to arbitrate whether they had standing to bring a PAGA claim, U-Haul relies on a broadly-worded clause stating that the parties would arbitrate "any and all claims and disputes . . . in any way related to

10

[plaintiffs'] employment." U-Haul contends that because plaintiffs' standing to bring a PAGA claim involves issues related to their employment, the arbitration provision necessarily applies. The agreement, however, contains an additional clause stating that the parties would not seek arbitration (or litigation) of any "claims as a representative . . . or in a private attorney general capacity." U-Haul acknowledges that this language demonstrates neither party agreed (nor could be compelled) to arbitrate representative claims. *Iskanian*, in turn, held that every PAGA action, including one brought on behalf of a single employee, is a representative claim. (*Iskanian, supra*, 59 Cal.4th at p. 387 ["*every* PAGA action, whether seeking penalties for Labor Code violations as to only one aggrieved employee—the plaintiff bringing the action—or as to other employees as well, is a representative action on behalf of the state"] [emphasis in original].) Given that the parties did not agree to arbitrate representative claims, and that a PAGA action is by definition a form of representative claim, we conclude that PAGA claims are categorically excluded from the arbitration agreement. Moreover, the agreement contains no language suggesting that despite this exclusion of representative claims, the parties did agree to arbitrate whether the complaining party had standing to initiate a representative claim in court. We fail to see how an agreement that excludes representative claims can nonetheless be reasonably interpreted to require plaintiffs to arbitrate their standing to bring a representative claim.

> 2. *Even if the agreement does require plaintiffs to arbitrate whether they have standing to bring a PAGA claim, the provision is unenforceable under California law*

Even if we were to accept U-Haul's interpretation of the employment agreement, we are not aware of any authority supporting its argument that an employer may legally compel an employee to arbitrate the individual aspects of his or her PAGA claim, while simultaneously preserving its own right to litigate the representative aspects of the claim in court. The only decision that has addressed the issue, *Williams v. Superior Court* (2015) 237 Cal.App.4th 642 (*Williams*), held that an employer could not force employees to proceed in such a manner. As in this case, the plaintiff in *Williams* signed an

11

arbitration agreement that contained a waiver of his right to assert a representative claim. The plaintiff subsequently a filed "a single-count [PAGA] action" alleging that his employer had "failed to provide off-duty rest periods, as required by section 226.7." (*Id*. at pp. 644-645.) The employer "moved . . . for an order staying the PAGA claim, but sending the 'individual claim' that [plaintiff] had been subjected to Labor Code violations to arbitration." (*Id*. at p. 645.) The trial court granted the motion, explaining that while *Iskanian* precluded the employer from "forc[ing] [plaintiff] to waive or arbitrate his PAGA claim[,] . . . the 'threshold dispute between plaintiff . . . and his former employer as to whether or not he was denied off-duty rest periods' [was] . . . 'amenable to arbitration under *Iskanian*.'" (*Id*. at p. 646.)

The appellate court reversed, concluding there was no basis for the trial court's "determin[ation] that [the plaintiff] must submit the 'underlying controversy' to arbitration for a determination whether he is an 'aggrieved employee' under the Labor Code with standing to bring a representative PAGA claim. [Citation.]" (*Williams, supra,* 237 Cal.App.4th at p. 647.) The court noted that neither the employer nor the trial court had "cited [any] legal authority . . . that a single representative action may be split in such a manner. . . . Indeed, case law suggests that a single representative PAGA claim *cannot* be split into an arbitrable individual claim and a nonarbitrable representative claim brought solely on the employee's behalf [because every] . . . . PAGA claim [is brought] . . . 'as the proxy or agent of the state's labor law enforcement agencies." [Citation.]' Accordingly, petitioner cannot be compelled to submit any portion of his representative PAGA claim to arbitration, including whether he was an 'aggrieved employee.' [Citation.]" (*Id*. at p. 649 [emphasis in original].)

We agree with *Williams's* conclusion that California law prohibits the enforcement of an employment agreement provision that requires an employee to individually arbitrate whether he or she qualifies as an "aggrieved employee" under PAGA, and then (if successful) to litigate the remainder of the "representative action in the superior court." In *Iskanian*, the Supreme Court explained that "every PAGA action, whether seeking penalties for Labor Code violations as to only one aggrieved employee—the plaintiff

12

bringing the action—or as to other employees as well, is a representative action on behalf of the state." (*Iskanian, supra*, 59 Cal.4th at p. 387.) The Court also held that requiring an employee to bring a PAGA claim in his or her "individual" capacity, rather than in a "representative" capacity, would undermine the purposes of the statute. (*Id*. at pp. 383-384.) Given these conclusions, we do not believe an employer may force an employee to split a PAGA claim into "individual" and "representative" components, with each being litigated in a different forum.

Moreover, the reasoning of *Iskanian* indicates that an employer is not permitted to impose arbitration provisions that impede an aggrieved employee's ability to bring a PAGA claim, which is "'fundamentally a law enforcement action designed to protect the public. . . . ' [Citation]." (See *Iskanian, supra*, 59 Cal.4th at pp. 381, 383-384 [because PAGA was "established for a public reason," it "cannot be contravened by a private agreement"; an employer may not impose arbitration terms that would "frustrate PAGA's objectives"].) Under "*Iskanian's* . . . public policy rationale," an arbitration provision is unenforceable if it "circumvents [PAGA's] intent to empower employees to enforce the Labor Code as agency representatives and harms the state's interest in enforcing the Labor Code." (*Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109, 184.) In this cause, U-Haul is, in effect, attempting to impose its preferred forum for different aspects of the PAGA claim by requiring plaintiffs to individually arbitrate whether a Labor Code violation was committed against them, while simultaneously preserving its right to a judicial forum for the "representative" issues.[3]

---

**3** In *Concepcion*, *supra*, 566 U.S. 333, which involved the validity of consumer class action waivers, the United States Supreme Court observed that while defendants generally favor arbitration for "individual disputes," they are unwilling to participate in arbitration on a classwide basis: "[A]lthough [t]he absence of multilayered review [in arbitration] makes it more likely that errors will go uncorrected[,] [d]efendants are willing to accept the costs of these errors in [individual] arbitration, since their impact is limited to the size of individual disputes, and presumably outweighed by savings from avoiding the courts. But when damages allegedly owed to tens of thousands of potential claimants are aggregated and decided at once, the risk of an error will often become unacceptable. Faced with even a small chance of a devastating loss, defendants will be

We think it clear that a private agreement requiring an employee to litigate his or her PAGA claim in multiple forums that have been selected based solely on the employer's own preferences interferes with "the state's interests in enforcing the Labor Code," and is therefore against public policy. (*Iskanian, supra*, 59 Cal.4th at p. 381.)

For the purposes of this case, we need not determine whether PAGA claims are categorically exempted from private arbitration agreements. We conclude only that California law precludes an employer from requiring an employee to individually arbitrate whether he or she qualifies as an "aggrieved employee" within the meaning of PAGA, while simultaneously preserving its right to a judicial forum for all other aspects of the claim.

### 3. *The FAA does not preempt state law rules applicable to PAGA claims*

In its appellate briefing, U-Haul repeatedly argues that: (1) the FAA requires that all "[a]rbitrable issues within a claim . . . be compelled to arbitration"; and (2) because the parties' employment agreement is governed by the FAA, federal law requires arbitration of the "predicate issue of whether U-Haul committee Labor Code violations against [plaintiffs]." To the extent U-Haul is suggesting the FAA preempts any state law rule that precludes an employer from forcing its employees to individually arbitrate their status as an "aggrieved employee," that argument is foreclosed by *Iskanian*, which held that "a PAGA claim lies outside the FAA's coverage." (*Iskanian, supra*, 59 Cal.4th at p. 386.) Because the FAA does not apply to "claims belonging to a government agency [or] . . . claim[s] brought by a statutorily designated proxy for the agency" (*id*. at p. 388), it has no effect on the issues presented herein.

---

pressured into settling questionable claims." (*Id*. at p. 350.) U-Haul's preference for arbitration of the individual aspects of plaintiffs' claim, but not the representative aspects, appears to be motivated by similar interests and concerns.

## DISPOSITION

The trial court's order denying the motion to compel arbitration is affirmed. Respondents shall recover their costs on appeal.

ZELON, J. Acting P. J.

We concur:

SEGAL, J.

GARNETT, J.*

*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.