Filed 10/15/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JONATHAN PROVOST, | D076569 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2017- |
| YOURMECHANIC, INC., | 00024056 CU-OE-CTL) |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed.

Littler Mendelson and Andrew Spurchise; Littler Mendelson, Sophia Behnia and Perry Miska, for Defendant and Appellant.

Blumenthal Nordrehaug Bhowmik De Blouw, Norman B. Blumenthal and Kyle R. Nordrehaug, for Plaintiff and Respondent.

Defendant YourMechanic, Inc. (sometimes, YourMechanic or company) appeals the trial court order denying its motion to compel arbitration (sometimes, motion).  YourMechanic sought to compel plaintiff Jonathan Provost to arbitrate whether he was an "aggrieved employee" within the meaning of the Labor Code[1] before he could proceed under the Private Attorneys General Act of 2004 (PAGA) (§ 2698 et seq.) with his single-count

---

[1]    All further statutory references are to the Labor Code unless otherwise noted.

representative action alleging various Labor Code violations against company.

We independently conclude the court properly denied YourMechanic's motion. As we explain, requiring Provost to arbitrate whether he was an "aggrieved employee" with standing to bring a representative PAGA action would require splitting that single action into two components: an arbitrable "individual" claim (i.e., whether he was an independent contractor or employee under either the parties' written arbitration provision or section 226.8 (discussed *post*), making it unlawful to willfully misclassify an individual as an independent contractor); and a nonarbitrable representative claim. Our conclusion is based on a series of cases holding a PAGA-only representative action is *not* an individual action at all, but instead is one that is indivisible and belongs solely to the state. Therefore, YourMechanic cannot require Provost to submit by contract any part of his representative PAGA action to arbitration. Affirmed.

## BACKGROUND

The operative complaint, brought on behalf of Provost, other "aggrieved employees" of YourMechanic, and the people of this state, sought civil penalties under PAGA beginning June 30, 2016, until a date determined by the court (hereinafter, PAGA period). The complaint alleged YourMechanic during the PAGA period violated myriad sections of the Labor Code and applicable industrial wage orders, including failing to pay Provost and all others similarly situated wages in a timely manner, overtime, and for all other hours worked; and provide all minimum wages, accurate itemized wage statements, and required business expenses.

2

The complaint further alleged that YourMechanic "willful[ly] misclassified" (see § 226.8, subd. (a)(1)[2]) Provost and other aggrieved employees as independent contractors, subjecting YourMechanic to a minimum "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation." (See *id.*, subd. (b).) The complaint also provided Provost had notified the Labor and Workforce Development Agency (LWDA), which enforces California's labor laws, of his intent to seek PAGA penalties.[3]

YourMechanic moved to compel arbitration. The premise of YourMechanic's motion was that the complaint was subject to a four-page, multi-section binding arbitration provision (sometimes, arbitration provision) included in its 20-page, pre-printed form Technology Services Agreement

---

[2] Subdivision (a) of section 226.8 provides: "It is unlawful for any person or employer to engage in any of the following activities: [¶] (1) Willful misclassification of an individual as an independent contractor." Subdivision (i)(4) of this statute defines "willful misclassification" to mean "avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor."

[3] Subdivision (c) of section 226.8 provides that, if the LWDA or a court determines a person or employer violated section (a) of this statute "and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

(sometimes, TSA)[4] executed by Provost when he clicked the "I accept" button at the end of this Agreement. LWDA was not a party to the TSA.

The arbitration provision in part provided: "Except as it otherwise provides, this Arbitration Provision also applies, without limitation, to all disputes between You [i.e., Provost] and the Company, as well as to all disputes between You and the Company's fiduciaries, administrators, affiliates, subsidiaries, parents, and all successors and assigns of any of them, including but not limited to any disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company, including termination of the relationship."

The arbitration provision further provided that all disputes between Provost and YourMechanic, including those "relating to interpretation or application of this Arbitration Provision," were to be "resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action" (emphasis omitted); that arbitration would be "governed by the Federal Arbitration Act" (FAA), while the interpretation of the TSA would be "governed by California law"; and that Provost could opt-out of arbitration within 30 days of executing the TSA, which he did not do.

_____

[4] The parties have neither argued nor have we considered whether the preprinted TSA, including any individual provisions contained therein, were procedurally or substantively unconscionable. (See e.g., *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 246 [noting unconscionability consists of both procedural and substantive elements, in which procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power," whereas "[s]ubstantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided"].)

4

The trial court in its August 9, 2019 minute order denied YourMechanic's motion. The court recognized that Provost's PAGA action alleged various Labor Code violations, including, as noted, a violation of section 226.8 for misclassification of an individual as an independent contractor.

The court next framed as follows YourMechanic's argument in support of the motion: "Only an employee is entitled to bring claims under PAGA. Thus, it is only after a determination by an arbitrator that Plaintiff is an employee, and not an independent contractor, that the Court may determine whether and to what extent Plaintiff suffered any Labor Code violations for which penalties may be recovered under PAGA. [Citation.]"

The court found YourMechanic's argument would contravene the law (discussed *post*) by requiring the court to "split the PAGA into an individual claim," including on the section 226.8 alleged misclassification violation, and a representative claim. The court therefore denied the motion.

The parties subsequently entered into a stipulation to stay the case after YourMechanic appealed the court's August 9 order, which stipulation the court approved on September 3.

## DISCUSSION

### A. *PAGA*

The Labor Code authorizes LWDA to collect civil penalties from employers for specified labor law violations. (*Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 865 (*Julian*).) The Legislature in 2003 enacted PAGA and it became effective on January 1, 2004. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980.) The Legislature found and declared that (1) adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws; (2) in some situations the only meaningful

5

deterrent to unlawful conduct was the vigorous assessment and collection of civil penalties; (3) staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market; and (4) it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, while also ensuring that labor law enforcement agencies' enforcement actions have primacy over private enforcement efforts. (Stats. 2003, ch. 906, § 1, eff. Jan. 1, 2004.)

The authorization to pursue PAGA civil penalties in a lawsuit is contained in section 2699, subdivision (a), which states in part: "any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an *aggrieved employee* on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." (Italics added.) An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (§ 2699, subd. (c).)

PAGA therefore works by empowering aggrieved employees to act as LWDA's proxy or agent to bring representative actions to recover statutory civil penalties for their employers' violations. (*Julian*, *supra*, 17 Cal.App.5th at p. 865.) A PAGA action is " 'a substitute for an action brought by the government itself' " (*ibid.*), where the governmental entity "is always the real party in interest." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 382 (*Iskanian*).) To obtain authority to prosecute and collect the penalties, PAGA requires aggrieved employees to give LWDA notice. (§ 2699.3, subd. (a)(1)(A).)

6

The Legislature provided two financial incentives for aggrieved employees to pursue the recovery of civil penalties under PAGA. First, when a civil penalty is recovered under PAGA, 75 percent goes to LWDA and the remaining 25 percent goes to the aggrieved employees. (§ 2699, subd. (i).) Second, any employee who prevails in an action is entitled to his or her reasonable attorney fees and costs. (*Id.*, subd. (g)(1).)

Penalties under PAGA are unique to that statute. "The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities." (*Iskanian*, *supra*, 59 Cal.4th at p. 381; see *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 197 (*ZB, N.A.*) [§ 558 unpaid wage action for compensatory relief different from PAGA civil penalties].) Therefore, a suit to recover statutory civil penalties under PAGA is " ' "fundamentally a law enforcement action designed to protect the public and not to benefit private parties." ' " (*Iskanian*, at p. 387.)

Additionally, PAGA "forecloses separate but similar actions by different employees against the same employer." (*Julian*, *supra*, 17 Cal.App.5th at p. 866.) " 'Because an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. [PAGA] authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations.' " (*Iskanian*, *supra*, 59 Cal.4th at p. 381.) For this reason, "[a]ll PAGA claims are 'representative' actions in the sense that they are brought on the state's behalf." (*ZB, N.A.*, *supra*, 8 Cal.5th at p. 185; accord *Iskanian*, at p. 380.)

7

B. *Iskanian*

Our high court in *Iskanian, supra*, 59 Cal.4th at page 360, analyzed whether a predispute waiver of a representative PAGA claim was valid and enforceable. In *Iskanian*, the plaintiff signed an agreement providing that all claims arising out of his employment were to be submitted to arbitration and that the parties would not assert representative claims. The plaintiff alleged causes of action against his employer for violations of the Labor Code and alleged a PAGA claim. The appellate court affirmed the trial court's grant of the employer's motion to compel arbitration, reasoning that the plaintiff was obligated to arbitrate the PAGA claim but was barred from litigating that claim in a representative capacity. (*Id.* at pp. 361–362.)

*Iskanian* found unenforceable predispute waivers requiring employees to relinquish the right to assert a PAGA claim on behalf of other employees, as such waivers violated public policy because they "harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." (59 Cal.4th at p. 383.) *Iskanian* succinctly declared, "an employee's right to bring a PAGA action is unwaivable." (*Ibid.*)

The *Iskanian* court also found the FAA did not preempt this state law rule invalidating waivers in arbitration agreements of the right to bring representative PAGA actions. (59 Cal.4th at p. 384.) Our high court reasoned: "Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the Agency or aggrieved employees—that the employer has violated the Labor Code." (*Id.* at pp. 386–387.) The court found "[r]epresentative actions under the PAGA,

8

unlike class action suits for damages, do not displace the bilateral arbitration of private disputes between employers and employees over their respective rights and obligations toward each other. Instead, they directly enforce the *state*'s interest in penalizing and deterring employers who violate California's labor laws." (*Id.* at p. 387.)

Subsequent cases have held that an aggrieved employee's predispute agreement to arbitrate PAGA claims is unenforceable absent a showing the state also consented to the agreement. (See *Julian*, *supra*, 17 Cal.App.5th at pp. 869–872; *Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439, 445–449; *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 677–680.) Each of these cases relied on *Iskanian*'s reasoning that a PAGA claim is a representative or *qui tam*-type action, and that the state is the real party in interest in the suit. (*Julian*, at pp. 871–872; *Betancourt*, at pp. 448–449; *Tanguilig*, at pp. 677–680.) Here, the state (i.e., LWDA) did not agree to arbitrate any part of Provost's PAGA action, including the misclassification claim arising under section 226.8, and/or whether under the TSA he was an independent contractor or employee of company.

C.  *Case Law Prohibits the Splitting of a Single Representative PAGA Action into "Individual" Arbitrable and Representative Nonarbitrable Components in Deciding whether an Individual Has Standing under PAGA*

Also relying on *Iskanian*, there is a long line of cases holding that a plaintiff's single-count PAGA action, such as in the instant case, "cannot be split into an arbitrable 'individual claim' and a nonarbitrable representative claim." (See e.g., *Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 649 (*Williams*). In *Williams*, the petitioner filed a single cause of action under PAGA, alleging real party in interest Pinkerton violated various provisions of the Labor Code. Pinkerton in response moved to enforce the petitioner's predispute waiver of his right to assert a PAGA claim; or alternatively, for an

9

order staying that claim but requiring the petitioner's "individual claim" for Labor Code violations to be arbitrated pursuant to the parties' written arbitration agreement. (*Id.* at pp. 644–645.) Following *Iskanian*, the trial court refused to enforce the waiver, but granted Pinkerton alternative relief.

In granting the petitioner's writ of mandate, the *Williams* court found the trial court had correctly ruled that the predispute waiver of a right to assert a representative PAGA action in any forum was unenforceable. (See *Williams*, *supra*, 237 Cal.4th at p. 645, citing *Iskanian*, *supra*, 59 Cal.4th at p. 384.) However, as particularly germane here, the *Williams* court found the trial court erred in granting Pinkerton alternative relief, concluding the petitioner's PAGA claim could *not* be divided into arbitrable (i.e., the underlying Labor Code violations) and nonarbitrable (i.e., the PAGA action itself) components. (*Williams*, 237 Cal.App.4th at p. 645.)

In reaching its decision, the *Williams* court first rejected Pinkerton's argument that *Iskanian* was inapplicable because the petitioner in *Williams*, not unlike Provost in the instant case, had the opportunity to "opt out of the representative action waiver without adverse consequences." (*Williams*, *supra*, 237 Cal.App.4th at pp. 647–648.) The court found this same argument had been raised and properly rejected by another court. (*Ibid.*, citing *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109) (*Securitas*) [noting "*Iskanian*'s underlying public policy rationale—that a PAGA waiver circumvents the Legislature's intent to empower employees to enforce the Labor Code as agency representatives and harms the state's interest in enforcing the Labor Code—does not turn on how the employer and employee entered into the agreement, or the mandatory or voluntary nature of the employee's initial consent to the agreement," as a "PAGA claim provides a remedy inuring to the state . . . and the law . . .

10

broadly precludes private agreements to waive such rights"]; see *Juarez v. Wash Depot Holdings, Inc.* (2018) 24 Cal.App.5th 1197, 1203 [following *Securitas* in refusing to enforce a predispute waiver of a representative PAGA claim merely because the employee had the opportunity to opt out of such a waiver]; see also Civ. Code, § 1668 ["[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for . . . violation of law, whether willful or negligent are against the policy of the law"].) Thus, *Williams* concluded the petitioner could not voluntarily waive the advantages of a law intended solely for his benefit, if doing so would contravene public policy. (*Williams*, at p. 648.)

The *Williams* court next addressed whether the petitioner was required to arbitrate the underlying controversy involving the alleged Labor Code violations of Pinkerton for a determination whether he was an "aggrieved employee" under section 2699, subdivisions (a) and (c) with standing to bring a representative PAGA claim. (See *Williams*, *supra*, 237 Cal.App.4th at p. 649.) In rejecting this argument, as noted, the *Williams* court found that, " '[b]ecause the PAGA claim is not an individual claim, it was not within the scope of the [employer's] request that individual claims be submitted to arbitration' [citation]." (*Ibid.*) Therefore, the court in *Williams* further found the petitioner could not "be compelled to submit *any portion* of his representative claim to arbitration, including whether he was an 'aggrieved employee' " within the meaning of section 2699, subdivisions (a) and (c). (*Williams*, *supra*, at p. 649, italics added.)

Since being decided, a series of cases have followed *Williams* and its holding that a single representative PAGA action is not divisible into separate arbitrable "individual" and nonarbitrable representative components in determining whether a plaintiff is an "aggrieved employee"

with standing to bring such an action. (See e.g., *Jarboe v. Hanlees Auto Group* (2020) 53 Cal.App.5th 539, 557 ["Because a PAGA claim is representative and does not belong to an employee individually, an employer should not be able [to] dictate how and where the representative action proceeds"]; *Brooks v. AmeriHome Mortgage Company, LLC* (2020) 47 Cal.App.5th 624, 629 [because the plaintiff brought a PAGA representative claim, "he cannot be compelled to separately arbitrate whether he was an aggrieved employee"]; *Hernandez v. Ross Stores, Inc.* (2016) 7 Cal.App.5th 171, 178 ["determination of whether the party bringing the PAGA action is an aggrieved party . . . should not be decided separately by arbitration"]; *Perez v. U-Haul Co. of California* (2016) 3 Cal.App.5th 408, 421 (*Perez*) ["California law prohibits the enforcement of an employment agreement provision that requires an employee to individually arbitrate whether he or she qualifies as an 'aggrieved employee' under the PAGA, and then (if successful) to litigate the remainder of the 'representative action in the superior court' "].)

Moreover, just recently our high court in *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73 (*Kim*), approvingly cited to *Williams* in holding that the plaintiff remained an "aggrieved employee" with standing to sue under PAGA despite settling his individual claims for labor code violations. (*Id.* at p. 81.) The *Kim* court also cited with approval cases, including *Perez*, in which "[a]ppellate courts have rejected efforts to split PAGA claims into individual and representative components." (*Kim*, at p. 88, citing *Perez, supra,* 3 Cal.App.5th at pp. 420–421.) The court in *Kim* added, "Standing for these PAGA-only cases cannot be dependent on the maintenance of an individual claim because individual relief has not been sought." (*Kim*, at p. 88.)

12

*Williams* and its progeny, which were recently cited with approval in *Kim* for the proposition that a PAGA-only claim cannot be divided into individual and representative components, firmly reject the contention that the issue of a plaintiff's status as an "aggrieved employee" must first be arbitrated before he or she has standing to pursue such a claim.

D. *Standard of Review*

The standard of review applicable to the denial of a petition to compel arbitration is determined by the issues raised by the parties on appeal. (*Julian, supra,* 17 Cal.App.5th at p. 864.) "To the extent the denial relies on a pertinent factual finding, we review that finding for the existence of substantial evidence. [Citation.] In contrast, to the extent the denial relies on a determination of law, we review the trial court's resolution of that determination de novo. [Citation.] Nonetheless, we are not bound by the trial court's rationale, and thus may affirm the denial on any correct legal theory supported by the record, even if the theory was not invoked by the trial court. [Citations]." (*Ibid.*)

Here, we apply a de novo standard of review because the denial of arbitration of the "individual" claim—whether Provost is an independent contractor or an "aggrieved employee," with standing under section 2699, subdivisions (a) and (c)—rests on a determination of the law. (See *Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659, 667 ["arbitrability of a portion of a PAGA claim presents a legal question that lies at the intersection of California labor law and arbitration law"], overruled on another ground as stated in *ZB, N.A., supra,* 8 Cal.5th at p. 197, fn. 8; see also *Nieto v. Fresno Beverage Co., Inc.* (2019) 33 Cal.App.5th 274, 279 [if a trial court resolves a question of law, its legal conclusion is subject to this court's independent review].)

E. *Analysis*

As noted, YourMechanic contends an arbitrator must first decide whether Provost is an independent contractor, as company contends, or is an employee of YourMechanic, as Provost contends. YourMechanic further contends that, until this threshold issue is resolved in arbitration, Provost has no standing to pursue a representative PAGA action because he cannot show he is an "aggrieved employee" for purposes of section 2699, subdivisions (a) and (c). In making this contention, YourMechanic relies on the arbitration provision in the TSA, including language requiring the parties to arbitrate any "private dispute[] arising out of or related to [Provost's] relationship with the Company."

We find YourMechanic's contention unavailing.

Indeed, to accept YourMechanic's contention would require us to ignore *Williams* and its progeny, summarized *ante*. These cases consistently, and, in our view, properly hold that threshold issues involving whether a plaintiff is an "aggrieved employee" for purposes of a representative PAGA-only action cannot be split into individual arbitrable and representative nonarbitrable components. (See *Williams*, *supra*, 237 Cal.App.4th at p. 649 and its progeny.) We conclude YourMechanic's contention in this case in support of arbitration falls within the ambit of these cases.

Our decision is further compelled by *Kim*. Although *Kim*, as noted, addressed a slightly different issue than the one pending before us, the court there cited with approval cases, including *Perez*, which have rejected efforts to split a PAGA-only action into individual and representative components. (See *Kim*, *supra*, 9 Cal.5th at p. 88.) The *Kim* court noted standing in such actions cannot be dependent on the maintenance of an individual claim because there is no claim for individual relief. (See *ibid*.)

14

In addition, *Kim* recognized there were certain penalty provisions in the Labor Code where no private right of action existed. It noted one such provision was section 226.8, at issue in the instant case. (See *Kim*, *supra*, 9 Cal.5th at p. 89, citing *Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 337–341 (*Noe*) [employees misclassified as independent contractors cannot sue for relief directly under section 226.8].)

In rejecting the defendant's claim that PAGA standing required a plaintiff to have an "unredressed injury" (*Kim*, *supra*, 9 Cal.5th at p. 89), the *Kim* court noted such an argument would not take into consideration Labor Code violations where there was no private right to sue, reasoning: "But plaintiffs cannot address a claimed injury by private suit unless the statute permits it. The concept of injury is especially inapposite in this context. Requiring the existence of an unredressed injury to support standing would be problematic for PAGA suits to enforce the many Labor Code statutes that do not create a private right to sue. Indeed, the very reason the Legislature enacted PAGA was to enhance enforcement of provisions punishable only through government-initiated proceedings. [Citations.]" (*Kim*, at p. 89.)

As noted, Provost's PAGA-only action against YourMechanic includes allegations that company "willful[ly] misclassified" Provost and other similarly situated "aggrieved employees" in violation of section 226.8, subdivision (a). Provost, however, has no private right of action against YourMechanic to pursue this alleged Labor Code violation. (See *Kim*, *supra*, 9 Cal.5th at p. 89; *Noe*, *supra*, 237 Cal.App.4th at pp. 337–341.) Therefore, the only recourse available to Provost in pursuing such an alleged violation under this particular statute is through PAGA. (See *Kim*, at p. 89; *Noe*, at pp. 337–341.)

15

It would defy logic to require Provost to arbitrate the issue of whether he was an independent contractor or employee for purposes of section 226.8, when he and others similarly situated to him are only able to obtain any relief under this statute in a *nonarbitrable* PAGA action. This contradiction highlights the flaw in YourMechanic's formulation of standing in support of its motion. YourMechanic's reasoning would also "harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations," particularly for violations in which there is no private right of action. (*Iskanian*, *supra*, 59 Cal.4th at p. 383; see *Kim*, *supra*, 9 Cal.5th at p. 89.)[5]

Perhaps in anticipation of our conclusion, YourMechanic also contends that *Iskanian* has been implicitly overruled by the recent United States Supreme Court decision of *Epic Systems Corp. v. Lewis* (2018) __ U.S.__, 138 S.Ct. 1612 (*Epic*). We rejected this identical contention in *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602 (*Correia*).

We reaffirm here our analysis and decision in *Correia* that *Epic* did not overrule *Iskanian*. In *Correia*, we observed: "*Iskanian* held a ban on bringing PAGA actions in any forum violates public policy and that this rule is not preempted by the FAA because the claim is a governmental claim. [Citation.] *Epic* did not consider this issue and thus did not decide the *same* question differently. [Citation.] *Epic* addressed a different issue pertaining to the enforceability of an individualized arbitration requirement against challenges that such enforcement violated" the National Labor Relations Act. (*Correia, supra*, 32 Cal.App.5th at pp. 619–620.)

---

[5] We are *not* called upon to decide in this case whether Provost was an independent contractor or an employee of YourMechanic, or whether company willfully misclassified him and others similarly situated as such under section 226.8. We therefore offer no opinion on these issues.

Moreover, more than a year after *Epic* was decided, our high court reaffirmed *Iskanian* in *ZB, N.A.* Throughout the opinion, *ZB., N.A.* freely cited *Iskanian* with approval, including as follows: "In *Iskanian*, we declared unenforceable as a matter of state law an employee's predispute agreement waiving the right to bring these representative PAGA claims. Requiring employees to forgo PAGA claims in this way contravenes public policy by 'serv[ing] to disable,' through private agreement, one of the state's 'primary mechanisms' for enforcing the Labor Code. [Citation.] We then concluded the FAA did not preempt this rule or otherwise require enforcement of such a waiver in an arbitration agreement." (*ZB, N.A.*, *supra*, 8 Cal.5th at p. 185.) *ZB, N.A.* added, "*Iskanian* established an important principle: employers cannot compel employees to waive their right to enforce the state's interests when the PAGA has empowered employees to do so." (*Id.* at p. 197.)

And, as we have noted, just recently our high court in *Kim* not only reaffirmed *Iskanian* and *ZB, N.A.*, but also many of the cases we have cited in this decision, including among others *Williams* and *Perez*. Because we reaffirm our conclusion that *Iskanian* has not been overruled, we are bound to follow it. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [decisions of our high court "are binding upon and must be followed by all the state courts of California"]; see also *Correia, supra*, 32 Cal.App.5th at p. 619.)

17

## DISPOSITION

The order denying YourMechanic's motion to compel arbitration is affirmed.  Provost to recover his costs of appeal.

BENKE, Acting P. J.

WE CONCUR:


AARON, J.


DATO, J.