[No. G037945. Fourth Dist., Div. Three. Dec. 7, 2007.]

THAP-NHUT VAN NGUYEN et al., Plaintiffs and Respondents, v. LARRY HUNG TRAN et al., Defendants and Appellants; HIGH TEN PARTNERS, INC., et al., Defendants and Respondents.

COUNSEL

Law Offices of L. Douglas Brown and L. Douglas Brown for Defendants and Appellants.

Manning & Marder, Kass, Ellrod, Ramirez, Kevin H. Louth, Victor Rocha and Fredric W. Trester for Defendants and Respondents.

No appearance for Plaintiffs and Respondents.

OPINION

**RYLAARSDAM, Acting P. J.**—Defendants Larry Hung Tran and TransCiti Mortgage & Realty (cooperating brokers) cooperated in a real estate transaction as the brokers for the buyers, plaintiffs Thap-Nhut Van Nguyen and Cathy Nguyen (buyers). They appeal from an order denying their petition to compel buyers and the listing brokers, defendants Gary Lee and High Ten Partners, Inc. (listing brokers), to arbitrate buyers' claims, relying on an arbitration clause in the purchase agreement to which buyers and sellers, but not cooperating brokers or listing brokers, were parties. We conclude cooperating brokers, as agents of one of the parties to the agreement containing the arbitration clause, may compel their principal to arbitrate but they may not compel arbitration against listing brokers, who did not sign the agreement and had no preexisting confidential or contractual relationship with cooperating brokers. The order denying the petition to compel arbitration is reversed with respect to buyers. In all other respects, the order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2003, buyers purchased real property from Chi Shu Yeh and Horng Tao Yeh (sellers). Several years later, buyers sued sellers and both the cooperating and listing brokers for allegedly failing to disclose that the guesthouse on the property was not built with the necessary permits. Buyers asserted causes of action for breach of contract against sellers, breach of the implied covenant of good faith and fair dealing and fraud against sellers and both brokers, and a cause of action for breach of fiduciary duty against cooperating brokers.

Cooperating brokers petitioned for arbitration based on a clause in the purchase agreement between the buyers and sellers. That clause provides, "[17](B) Arbitration of Disputes: (1) Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this [a]greement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraph[] 17B(2) and (3) below. . . . [¶] . . . [¶] (3) Brokers: Buyer and Seller agree to mediate and arbitrate disputes or claims involving either or both Brokers . . . provided either or both Brokers shall have agreed to such mediation or arbitration prior to, or within a reasonable time after, the dispute or claim is presented to Brokers. Any election by either or both Brokers to participate in mediation or arbitration shall not result in Brokers being deemed parties to the [a]greement."

The next paragraph notified the parties that by initialing it, they agreed to arbitrate disputes involving matters included in the "Arbitration of Disputes" provision and to give up their rights to a trial, discovery, and appeal. It further advised that if they refused to arbitrate after agreeing, they could be compelled to do so.

Buyers and sellers both initialed in the spaces provided. No line was provided for the brokers to initial or consent to the provision, and they did not do so.

Buyers and listing brokers opposed the petition to compel arbitration, contending cooperating brokers were not parties to the purchase agreement and third parties were involved. Listing brokers further argued cooperating brokers had no authority to bind them to an arbitration provision they had not signed.

The trial court denied the petition, stating cooperating brokers failed to establish they were "entitled to enforce the arbitration provision in the . . . [a]greement between buyers and sellers. [¶] *Westra* [*v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759 [28 Cal.Rptr.3d 752]] is distinguishable in that there is no language in the instant arbitration agreement that an agent agrees to arbitrate disputes or that buyer and seller agree to allow an agent to invoke the arbitration provisions if buyer and seller are not arbitrating their disputes. . . . [¶] [Listing brokers] also oppose the motion and do not agree to voluntarily participate in arbitration. They are not parties to the . . . [a]greement. Moving party has not shown that [listing brokers] are agents of any party."

## DISCUSSION

### 1. *Standard of Review*

"Whether an arbitration agreement applies to a controversy is a question of law to which the appellate court applies its independent judgment where no conflicting extrinsic evidence in aid of the interpretation was introduced in the trial court. [Citation.]" (*Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1670 [53 Cal.Rptr.2d 515].) Here, there is no conflicting evidence and we review the issues de novo.

### 2. *Enforcement of Arbitration Agreement by Nonsignatories*

Cooperating brokers contend the trial court erred in denying the petition to compel arbitration. We agree in part and disagree in part.

■ "Public policy favors arbitration as an expedient and economical method of resolving disputes, thus relieving crowded civil courts. However, arbitration assumes that the parties have elected to use it as an alternative to the judicial process. [Citation.] Arbitration is consensual in nature. The fundamental assumption of arbitration is that it may be invoked as an alternative to the settlement of disputes by means other than the judicial process solely because all parties have chosen to arbitrate them. [Citations.] Even the strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement or who have not authorized anyone to act for them in executing such an agreement. 'The right to arbitration depends on a contract.' [Citations.]" (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.* (1996) 47 Cal.App.4th 237, 244–245 [54 Cal.Rptr.2d 628] (*County of Contra Costa*).)

Therefore, subject to limited exceptions, only parties to an arbitration contract may enforce it or be required to arbitrate. (*Westra v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc., supra*, 129 Cal.App.4th at p. 763 (*Westra*).) Exceptions in which an arbitration agreement may be enforced by or against nonsignatories include where a nonsignatory is a third party beneficiary of the agreement (*County of Contra Costa, supra*, 47 Cal.App.4th at p. 242) and when a nonsignatory and one of the parties to the agreement have a preexisting agency relationship that makes it equitable to

impose the duty to arbitrate on either of them. (*Ibid.*; see also *Westra, supra,* 129 Cal.App.4th at p. 765.)

During oral argument, cooperating brokers conceded they were relying solely on the latter exception. We thus focus our attention on whether cooperating brokers are entitled to enforce the arbitration provision as agents for a signatory.

According to cooperating brokers, *Westra* is "[n]early on point." There, a real estate broker sued for fraud by the purchasers of real property petitioned to compel arbitration based on a clause in the purchase agreement signed by the buyers and the seller but not the broker. The provision read, " 'Buyer, Seller and Agent agree that such controversy [arising with respect to the subject matter of the purchase agreement] shall be settled by final, binding arbitration . . . .' " (*Westra, supra,* 129 Cal.App.4th at p. 762.) Although the purchase agreement contained spaces for the buyers and seller to initial to indicate consent to arbitration, there was no place for the broker to do the same and he did not do so.

*Westra* reversed the denial of the broker's petition to compel arbitration. Because the broker had a preexisting relationship as the agent for both parties to the agreement, *Westra* concluded the arbitration provision was "binding on [the broker] as well as the [buyers], and [the broker] as an agent is entitled to enforce the arbitration agreement, to which the [buyers] and [seller] had agreed. [Citations.]" (*Westra, supra,* 129 Cal.App.4th at p. 766; see also *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 418 [220 Cal.Rptr. 807, 709 P.2d 826] [nonsignatory may compel arbitration if sued as signatory's agent]; *Valley Casework, Inc. v. Comfort Construction, Inc.* (1999) 76 Cal.App.4th 1013, 1021 [90 Cal.Rptr.2d 779] [nonsignatories acting as agents for party to arbitration clause may enforce the provision]; *Berman v. Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1004 [119 Cal.Rptr. 130] [same].)

Here the purchase agreement lists cooperating brokers as the agents of buyers, who signed the purchase agreement. As such, cooperating brokers could have been compelled to arbitrate the claims against them although they did not sign the agreement and were not parties to it.

The trial court in this case distinguished *Westra*, stating "there is no language in the instant arbitration agreement that an agent agrees to arbitrate

disputes . . . ." This appears to be a reference to the language of the arbitration clause in *Westra* providing that the " 'Buyer, Seller and Agent agree' " to arbitrate the controversy. (*Westra, supra,* 129 Cal.App.4th at p. 762.) But *Westra* based its decision on agency principles, not the specific language of the arbitration clause.

Another distinction made by the trial court was that the arbitration agreement here contained no language "that buyer and seller agree to allow an agent to invoke the arbitration provisions if buyer and seller are not arbitrating their disputes." On the contrary, the arbitration provision expressly states: "Buyer and Seller agree to mediate and arbitrate disputes or claims *involving either or both Brokers . . . provided either or both Brokers shall have agreed to such mediation or arbitration* prior to, or within a reasonable time after, the dispute or claim is presented to Brokers." (Italics added.) Under a plain reading of this clause, buyers and sellers agreed to let either or both cooperating brokers and listing brokers decide whether to arbitrate the claims against them. Cooperating brokers demanded it and no claim has been made the demand was untimely.

We arrive at a different conclusion with respect to listing brokers. Unlike cooperating brokers, they did not agree to arbitration or mediation. The record contains no arbitration agreement between sellers and listing brokers, buyers and listing brokers, or listing brokers and cooperating brokers. The arbitration provision in the purchase agreement is a contract between buyers and sellers, not one by listing brokers or cooperating brokers. And although sellers and buyers agreed to arbitrate disputes between them and the brokers, if either or both brokers agreed, listing brokers never consented to arbitrate anything. Thus, there is no evidence of an agreement to arbitrate by listing brokers.

■ Cooperating brokers are correct that listing brokers were sellers' agents, as listing brokers acknowledged during oral argument. "The relationship between a real estate broker and the client is that of principal and agent, with the broker being a special agent with limited powers." (2 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 3:4, p. 14, fns. omitted.)

But cooperating brokers have not identified any authority to support the proposition that one nonsignatory party has the right to invoke an arbitration clause against another nonsignatory party based on an agreement signed only by the principals. *Westra* does not support that contention. Neither does

*Smith v. Microskills San Diego L.P.* (2007) 153 Cal.App.4th 892 [63 Cal.Rptr.3d 608] or *Matthau v. Superior Court* (2007) 151 Cal.App.4th 593 [60 Cal.Rptr.3d 93], cited in cooperating brokers' supplemental letter brief.

These cases merely recognize the general exception where a confidential relationship exists and analyze agency principles under the facts of those cases. At most, they may allow listing brokers the right to require buyers to arbitrate their claims against them should they so choose, and vice versa. But nothing in them allows cooperating brokers to force listing brokers to do so. We have found no case in which a nonsignatory was able to compel arbitration against another nonsignatory.

It is true the claims of buyers and the defenses of the agents all relate to the same basic issue. The core allegation of the complaint centers on alleged failure to disclose an unpermitted guest house on the property; the purchase agreement refers both to required disclosures and to the permitting of structures; and listing brokers' affirmative defense blames buyers and others for buyers' damages. Therefore, it might be more efficient if the entire dispute, not just the claims against cooperating brokers, were arbitrated. But considerations of judicial efficiency are not determinative. (*Westra, supra,* 129 Cal.App.4th at p. 767.)

Based on this record and our review of the cases and their analyses, we see no basis to create another exception to the general rule that an arbitration provision cannot be enforced to compel a nonsignatory to arbitrate. Cooperating brokers and listing brokers were free to enter into a written arbitration agreement if they so desired. They did not and there is no factual or legal basis for us to impose an obligation to arbitrate under these circumstances.

Our determination that cooperating brokers are entitled to have buyers' claims against them resolved by contractual arbitration is without prejudice to the trial court's consideration of Code of Civil Procedure section 1281.2, subdivision (c), providing an exception to mandatory contractual arbitration in certain situations where third parties are involved. Although listing brokers cited the statute in their opposition to the petition to compel arbitration, the court did not discuss it in its ruling and the issue was not raised on appeal. We thus have no occasion to consider it and offer no opinion on whether it applies.

## DISPOSITION

The order denying the petition to compel arbitration is reversed with respect to plaintiffs' claims against defendants Larry Hung Tran and TransCiti Mortgage & Realty. In all other respects, the order is affirmed. Defendants High Ten Partners, Inc., and Gary Lee shall recover their costs on appeal.

Fybel, J., and Ikola, J., concurred.