NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAMSCO PROPERTIES, LLC; et al.,

Plaintiffs - Appellants,

v.

LORAL LANGEMEIER and LIVE OUT LOUD, INC.,

Defendants - Appellees.

No. 13-15336

D.C. No. 2:09-cv-03086-GEB-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted March 10, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Tamsco Properties, LLC; JKR Laser Investment, LLC; Surfer Beach, LLC;

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and To Be Determined, LLC[1] appeal from the district court's orders compelling arbitration and denying a motion for reconsideration.

Individuals affiliated with Appellants attended conferences held by Appellees Loral Langemeier and Live Out Loud, Inc. ("LOL"). All conference attendees, including the individuals affiliated with Appellants, were required to sign an agreement that contained an arbitration clause.

Appellants allege that, in reliance on information presented at the conferences, they made investments that resulted in financial losses. Appellants brought suit against Langemeier and LOL alleging fraud, violation of section 3372 of the California Civil Code, breach of fiduciary duty, violation of federal and state securities laws, and violation of California's Unfair Competition Law.

We review de novo district court decisions about the arbitrability of claims. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013). We review a district court's denial of a motion for reconsideration for abuse of discretion. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). Applying these

---

[1] To Be Determined, LLC is the name that appears in the complaint, but documents presented to the district court indicate that the correct name is Be Determined, LLC.

standards, we affirm.

Appellants argue that the district court erred by compelling them to arbitrate their claims against Langemeier and LOL. In general, only a party to an arbitration agreement can be compelled to arbitrate. *See Kramer*, 705 F.3d at 1126. We have, however, recognized various exceptions to this rule grounded in state contract principles. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) ("Among these principles are 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." (internal quotation marks omitted)). Under California law, when a nonsignatory and one of the parties to an arbitration agreement have an agency relationship, the arbitration agreement may be enforced against the nonsignatory. *See Nguyen v. Tran*, 68 Cal. Rptr. 3d 906, 909 (Ct. App. 2007); *Berman v. Dean Witter & Co., Inc.*, 119 Cal. Rptr. 130, 133 (Ct. App. 1975).

In their responses to the requests for admission, Appellants admitted that the affiliated individuals who attended the conferences did so on their behalf. Because of these binding admissions, the individuals who attended must be treated as having done so as Appellants' agents. *See Thomas v. Westlake*, 139 Cal. Rptr. 3d 114, 120-21 (Ct. App. 2012). The district court was therefore correct in

3

compelling Appellants to arbitrate their claims.

Appellants also argue that the district court erred by characterizing their motion alleging fraud on the court as a motion for reconsideration. If the motion is construed as a motion for reconsideration, it was properly denied for failure to introduce any new evidence, show that the district court committed clear error, or identify an intervening change in controlling law. *See Smith*, 727 F.3d at 955. The motion was also properly denied if it is construed as a motion alleging fraud on the court, because Appellants' unsubstantiated suspicions do not constitute clear and convincing evidence of fraud. *See United States v. Estate of Stonehill*, 660 F.3d 415, 443-44 (9th Cir. 2011).

**AFFIRMED.**