Filed 4/7/21  Masters v. Berman CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PAMELA ANN MASTERS et al., | B301793 |
| Plaintiffs and Respondents. | (Los Angeles County Super. Ct. No. 19BBCV00495) |
| v. | |
| DARYL ANN BERMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, C. Edward Simpson, Judge.  Reversed with directions.

The Wall Law Office, William J. Wall; Yourist Law Corporation, Bradley J. Yourist, and Daniel J. Yourist for Defendant and Appellant.

Barak Lurie and Brent A. Kramer for Plaintiffs and Respondents.

Daryl Ann Berman appeals from an order denying her motion to compel arbitration of the claims brought by Pamela Ann Masters and her business partner Carmen Santa Maria for implied indemnity, negligence, and unjust enrichment. After Berman executed a purchase agreement to sell her property to Santa Maria, Berman engaged in negotiations for the sale of the property to her then-tenant James Smyth, based on a purported handwritten right of first refusal in Smyth's lease. After Berman rejected Smyth's offer and sold the property to Masters and Santa Maria, Smyth brought a quiet title action against Berman, Masters, and Santa Maria, claiming he had a right to the property based on his right of first refusal. Berman, Masters, and Santa Maria successfully demurred to Smyth's suit, and the resulting judgment of dismissal was affirmed on appeal. (*Smyth v. Berman* (2019) 31 Cal.App.5th 183 (*Smyth*).)

Masters and Santa Maria then filed this action to recover their attorneys' fees incurred in defending against Smyth's quiet title action. Berman moved to compel arbitration based on an arbitration provision in the purchase agreement. The trial court denied Berman's motion, finding the present dispute arose from Berman's alleged conduct with respect to her lease to Smyth (by not clarifying the right of first refusal), not the later purchase agreement. On appeal, Berman contends the trial court erred in finding the dispute arose from the prior lease instead of the purchase agreement. We agree and reverse.

## BACKGROUND AND PROCEDURAL HISTORY

A.     *The Property, the Lease, and the Sale*[1]

Berman owned property located on Cahuenga Boulevard in North Hollywood (the property).  (*Smyth, supra*, 31 Cal.App.5th at p. 186.)  From 1999 until 2016, Berman leased the property to Smyth.  In 2011 Smyth and Berman executed a written lease for the property, into which Smyth inserted a handwritten term providing Smyth a "'[r]ight of 1st refusal to purchase.'"  Smyth and Berman initialed the addition.  (*Ibid.*)

In June 2016 Santa Maria submitted a written offer to purchase the property from Berman.  (*Smyth, supra*, 31 Cal.App.5th at p. 186.)  On June 29, 2016 Berman and Santa Maria executed a purchase agreement.[2]  Paragraph 32 of the purchase agreement provided, "All disputes arising between the [p]arties with respect to the subject matter of this Purchase Agreement or the transaction contemplated herein . . . shall be settled exclusively by final, binding arbitration."  Under paragraph 15 of the agreement, Santa Maria agreed, upon his satisfaction with title and contingencies, to purchase the property "'as is' and solely on reliance on [his] own investigation of the [p]roperty. . . .  Upon [c]losing, [Santa Maria] hereby waives, releases, acquits, and forever discharges [Berman] . . . from any and all claims, actions, causes of action, demands, rights,

---

[1]     These facts are taken from allegations in the complaint, the purchase agreement (submitted by Berman as an exhibit to her motion to compel arbitration), and *Smyth, supra*, 31 Cal.App.5th 183.

[2]     Berman signed the agreement on June 28; Santa Maria signed the agreement on June 29.

liabilities, damages, losses, costs expenses, or compensation whatsoever, direct or indirect, known or unknown, foreseen or unforeseen, that it now has or which may arise in the future on account of or in any way growing out of or connected with Property Condition." Paragraph 15 of the agreement defined "Property Condition" to mean "each and every matter of concern or relevance to [Santa Maria] relating to the [p]roperty, including without limitation the financial, legal, title, physical, geological and environmental condition and sufficiency of the [p]roperty . . . ; title matters; and contracts to be assumed by [Santa Maria]."

On August 4, 2016, while the property was in escrow pending the sale to Santa Maria, Smyth submitted an offer to purchase the property from Berman, asserting his purported right of first refusal in the 2011 lease. Berman declined Smyth's offer because Santa Maria's offer was "higher," for "considerably more money." Ultimately, Berman sold the property to Masters and Santa Maria,[3] who recorded a grant deed and deed of trust on August 19, 2016. (*Smyth, supra*, 31 Cal.App.5th at p. 187.)

B.   *Smyth's Quiet Title Action*

Smyth sued Berman, Masters, and Santa Maria to quiet title to the property based on his asserted right of first refusal.[4]

_____

[3]   Although Masters did not sign the purchase agreement, she does not contend she is not bound by the arbitration provision.

[4]   Smyth also asserted causes of action for specific performance, breach of contract, intentional misrepresentation, tortious interference with contractual relations, negligence, fraud, and civil conspiracy. (*Smyth, supra*, 31 Cal.App.5th at pp. 187-189.)

4

(*Smyth, supra*, 31 Cal.App.5th at pp. 187-188.)  In his third amended complaint, Smyth also alleged emails he exchanged with Berman in July 2016 granted him an enforceable right of first refusal to purchase the property independent of the terms of the 2011 lease.  (*Id.* at p. 189.)

Berman and Santa Maria separately demurred to Smyth's third amended complaint.  (*Smyth, supra*, 31 Cal.App.5th at p. 190.)  The trial court sustained the demurrers without leave to amend, finding there was no enforceable promise to grant Smyth a right of first refusal in August 2016.  (*Ibid.*)  The Court of Appeal affirmed.  (*Id.* at p. 199.)

C.    *Masters and Santa Maria's Complaint*

On June 4, 2019 Masters and Santa Maria (plaintiffs) filed this action against Berman alleging causes of action for implied indemnity, negligence, and unjust enrichment (quasi-contract). The complaint alleged "Berman's conduct was the sole reason why Smyth sued Santa Maria and Masters in the quiet title action." (Capitalization omitted.)  The complaint alleged Berman carelessly drafted the lease with Smyth by failing to provide for expiration of the right of first refusal and failing to specify how competing offers would be evaluated.  Further, Berman recklessly communicated with Smyth regarding his right of first refusal in the summer of 2016 by failing to inform Smyth his lease (and the right of first refusal) had expired and that Berman was selling the property to Masters and Santa Maria.  The complaint alleged "Berman owed a duty of care to [plaintiffs] to reject Smyth's claim to a purported [right of first refusal], because no such [right of first refusal] existed at the time of the sale to [plaintiffs]. Berman further owed a duty to [plaintiffs] to refrain from selling

5

the property, or even offering to sell the property, to Smyth." (Capitalization and underscoring omitted.) The complaint sought approximately $300,000 in attorneys' fees incurred by plaintiffs in defending against Smyth's claims in the trial and appellate courts.

D.    *Berman's Motion To Compel Arbitration*

On August 14, 2019 Berman moved to compel arbitration. Berman argued the parties entered into a binding agreement in June 2016 to arbitrate any disputes arising from plaintiffs' purchase of the property, and plaintiffs' claims arose from their August 2016 purchase of the property. Berman attached as an exhibit the 2016 purchase agreement signed by Berman and Santa Maria.

Plaintiffs opposed Berman's motion, arguing the dispute arose from the 2011 lease and 2016 negotiations between Berman and Smyth, not the purchase agreement.

On October 4, 2019 the trial court denied Berman's motion. The court reasoned plaintiffs' action was based on events that preceded their purchase of the property because the action was "primarily based on their theory that [Berman] poorly drafted a *lease agreement* with Smyth regarding the Right of First Refusal provision. . . . Thus, this action does not necessarily arise out of the *sale* of the property under the Purchase Agreement, but rather arises from the allegations that [Berman] failed to reject Smyth's claim to a purported Right of First Refusal . . . . [¶] . . . [H]ad there been an issue with the terms of the Purchase Agreement, a dispute/breach thereto, failure to perform, default, etc., such matters would be subject to arbitration."

Berman timely appealed.

6

**DISCUSSION**

A.  *Arbitration Law and Standard of Review*

California law strongly favors arbitration ""''as a speedy and relatively inexpensive means of dispute resolution.''"" (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125; accord, *Khalatian v. Prime Time Shuttle, Inc.* (2015) 237 Cal.App.4th 651, 658 (*Khalatian*) ["Arbitration is strongly favored, and any doubts concerning the scope of arbitrable issues will be resolved in favor of arbitration."]; *Elijahjuan v. Superior Court* (2012) 210 Cal.App.4th 15, 20 (*Elijahjuan*) ["'California law, like federal law, favors enforcement of valid arbitration agreements.'"].)  To further this purpose, there is a presumption in favor of arbitrability.  (*OTO*, at p. 125; *Khalatian*, at p. 658.)  The presumption applies if "the terms of the specific arbitration clause under consideration . . . reasonably cover the dispute as to which arbitration is requested."  (*Bono v. David* (2007) 147 Cal.App.4th 1055, 1063; accord, *Rice v. Downs* (2016) 248 Cal.App.4th 175, 185 (*Rice*) ["'[A]rbitration should be upheld "unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute."'"].)  "The party opposing arbitration has the burden to show that the agreement does not apply to the dispute." (*Khalatian*, at p. 659; accord, *Rice*, at p. 185.)

"Notwithstanding the policy favoring arbitration, because "arbitration is a matter of contract[,] . . . a party cannot be required to submit to arbitration any dispute which he has not agreed . . . to submit.""" (*Khalatian, supra*, 237 Cal.App.4th at p. 659; accord, *Elijahjuan, supra*, 210 Cal.App.4th at p. 20.)  In interpreting an arbitration agreement, our goal is to give effect to

7

the mutual intention of the parties at the time they entered into the agreement.  (*Elijahjuan*, at pp. 20-21; *Balandran v. Labor Ready, Inc.* (2004) 124 Cal.App.4th 1522, 1527-1528; see Civ. Code, § 1636 ["A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting."].)

Where, as here, the facts are undisputed, we review the denial of a motion to compel arbitration de novo.  (*OTO, L.L.C. v. Kho, supra*, 8 Cal.5th at p. 126; *Elijahjuan, supra*, 210 Cal.App.4th at p. 20; *Nguyen v. Tran* (2007) 157 Cal.App.4th 1032, 1036.)  "'We are not bound by the trial court's construction or interpretation.'"  (*Rice, supra*, 248 Cal.App.4th at p. 185; accord, *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 684 (*Coast Plaza*).)

B.      *The Trial Court Erred in Denying Berman's Motion To Compel Arbitration*

Berman contends the trial court erred in denying her motion to compel arbitration because any duty she owed to plaintiffs arose from her sale of the property to plaintiffs under the purchase agreement.  Plaintiffs argue their claims arise from Berman's negligence in drafting the 2011 lease and her 2016 discussions with Smyth, which are not disputes arising "with respect to" the subject matter of the purchase agreement or the real estate transaction.  Berman has the better argument.[5]

---

[5]     We reject plaintiffs' argument Berman forfeited her claims by failing to argue in the trial court that any duty she owed plaintiffs arose from the purchase agreement.  Berman argued below, as she does on appeal, that "[p]laintiffs' claims arise from

8

The parties' agreement to arbitrate "[a]ll disputes arising . . . with respect to the subject matter of [the] Purchase Agreement or the transaction contemplated [therein]" demonstrates the parties' broad agreement to arbitrate all disputes relating to the sale of the property.[6] (See *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 601, fn. 3 [arbitration clause providing for arbitration of "any and all disputes" between trustees and beneficiaries concerning property owned by any trust or operation of any trust created by agreement was "broad"]; *Yuen v. Superior Court* (2004) 121 Cal.App.4th 1133, 1138 [arbitration clause stating "all disputes" relating to contract shall be submitted to arbitration was "broad"]; *Coast Plaza, supra*, 83 Cal.App.4th at pp. 684, 681 & fn. 2 [agreement to arbitrate "'*any* problem or dispute' that arose under or concerned the terms of the [service agreement]" is "clear," "plain," and "very broad," giving rise to a presumption parties intended to arbitrate claims including tort claims relating to the agreement]; *Larkin v. Williams, Woolley, Cogswell, Nakazawa & Russell* (1999) 76 Cal.App.4th 227, 230 [arbitration provision that extended to "[a]ny controversy or claim arising out of or relating to any provision of this [partnership] [a]greement or the breach thereof" was "very broad"].)

---

their August 2016 purchase of [the] [p]roperty," and "the purchase of the [p]roperty was subject to [the] Purchase Agreement."

[6] The phrase "with respect to" means "with reference to" or "in relation to." (Merriam-Webster's Online Dict. (2021) <https://www.merriam-webster.com/dictionary/respect> [as of April 5, 2021], archived at <https://perma.cc/AC99-ELZU>.)

Despite plaintiffs' attempt to distance themselves from the purchase agreement, their purchase of the property is central to the allegations in the complaint. The complaint alleged "Berman owed a duty of care to [plaintiffs] to reject Smyth's claim to a purported [right of first refusal], because no such [right of first refusal] existed *at the time of the sale* to [plaintiffs]." (Italics added.) Plaintiffs alleged further that Berman "owed a duty to [plaintiffs] to refrain from selling the property, or even offering to sell the property, to Smyth," conduct that allegedly took place after Berman agreed to sell the property to plaintiffs and the property was in escrow. (Capitalization omitted; italics added.) And plaintiffs alleged Berman breached the duty of care she owed to them by "failing to explain to Smyth that she was unequivocally selling the property to [plaintiffs]." (Capitalization omitted.) These allegations illustrate that Berman's conduct in drafting the 2011 lease and in negotiating with Smyth in 2016 over the sale of the property is only relevant because of its impact on the sale of the property. Absent the transaction, plaintiffs were strangers to the lease agreement between Berman and Smyth.

Moreover, the condition of title conveyed by the sale is an express subject of the purchase agreement. Under paragraph 15 of the purchase agreement, Santa Maria waived any claim "growing out of or connected with" the condition of the property, "including . . . title . . . condition and sufficiency[,] . . . title matters[,] and contracts to be assumed by [Santa Maria]." Smyth's quiet title action sought to resolve conflicting claims

10

regarding title to the property.[7]  Because this action seeks to establish Berman's liability for conduct that caused Smyth to sue over title, the instant dispute can reasonably be said to arise "with respect to" the subject matter of the purchase agreement, including liability for the condition of the property's title under paragraph 15.

Plaintiffs alternatively argue the present dispute is outside the scope of the arbitration provision because their complaint alleges Berman breached a common law duty of care sounding in tort, not a breach of contractual duty under the purchase agreement, relying on *Rowland v. Christian* (1968) 69 Cal.2d 108. But tort claims may also fall within the scope of the arbitration provision.  (See *Coast Plaza, supra*, 83 Cal.App.4th at p. 685 ["It has long been the rule in California that a broadly worded arbitration clause, such as we have here, may extend to tort claims that may arise under or from the contractual relationship."]; *Berman v. Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1003 ["The phrase 'any controversy . . . arising out of or relating to this contract . . .' is certainly broad enough to embrace tort as well as contractual liabilities so long as they have their roots in the relationship between the parties which was created by the contract."].)

In *Coast Plaza*, the Court of Appeal considered whether an arbitration provision in a service agreement between a hospital

---

[7]     The object of a quiet title action "'"is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'"'"  (*Robin v. Crowell* (2020) 55 Cal.App.5th 727, 740; accord, *Western Aggregates*, *Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 305.)

11

and service provider was broad enough to cover the hospital's claim for negligent interference with prospective economic advantage based on the service provider's refusal to renegotiate reimbursement rates in the service agreement. (*Coast Plaza, supra*, 83 Cal.App.4th at pp. 681-682.) The court found the tort claim fell within the arbitration provision's broad terms— encompassing "'*any* problem or dispute' that arose under or concerned the terms of the [service agreement]"—and rejected the hospital's "assumption that if one is not suing on a claim that is *based upon* the contract, but rather upon the alleged tortious misconduct of the other contracting party, then the contract's requirement of an arbitration process can be ignored." (*Id*. at pp. 684-685.) The court explained the tort claims came within the arbitration provision because they were rooted in the relationship between the parties created by the service agreement. (*Id*. at p. 686.) Here too the broad arbitration provision in the purchase agreement covers plaintiffs' tort claims that are rooted in the relationship between Berman and plaintiffs created by the purchase agreement and the sale of the property.[8]

---

[8]    We do not reach plaintiffs' contention Berman cannot force plaintiffs' attorneys (as nonparties to the arbitration agreement) to arbitrate their claims against Berman. The action was filed by Masters and Santa Maria, not their attorneys, and Berman moved to compel only plaintiffs to arbitrate their claims.

## DISPOSITION

The order is reversed.  The trial court is directed to enter a new order granting the motion to compel arbitration.  Berman is to recover her costs on appeal.


          FEUER, J.

We concur:



SEGAL, Acting P. J.



McCORMICK, J.[*]

---

[*]    Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.